WETUTZKE and another, Appellants, vs. WETUTZKE and others, Respondents.

*September 16—October 6, 1914.*

*Contract for benefit of third person. Rescission: Consent of beneficiary: Estoppel: Limitation of actions: Mortgages: Foreclosure.*

1. In consideration of the conveyance of land by parents to their son F., he agreed to support them during life and to pay certain sums to W.,. another son, and G., a granddaughter, and mortgaged the land to the parents to secure such agreement. *Held*, that thereby the relation of debtor and creditor was established between F. and each of the beneficiaries, W and G., which relation could not be changed merely by agreement of the parents and F. without the consent of the beneficiaries.

2. Where by a subsequent agreement between the parents and F. the land was reconveyed upon payment of a sum to F., and

the agreement for support was canceled and the mortgage discharged of record, all with the knowledge of W., who made no objection thereto and asserted no claim when the father mortgaged the land to obtain the money to be paid to F., W. was estopped to make any claim under the original agreement or the mortgage given by F.

3. Even if there was no estoppel, W.'s right of action on the mortgage given by F. was barred at the end of twenty years after the sum payable to him under the original agreement became due.

4. The other beneficiary, G., not being estopped or barred by the statute of limitations, might foreclose the mortgage given by F. for the amount due to her under the agreement, with interest.

TIMLIN, SIEBECKER, and KERWIN, JJ., dissent.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed in part; reversed in part.*

Mortgage foreclosure. The facts, as found by the court upon sufficient evidence, are, that in February, 1884, one Stanislaus Wetutzke and Josepha, his wife, being aged, deeded their farm of 160 acres and the personal property thereon to their son *Franz,* receiving back an agreement to support them during life and to pay to the plaintiff *Walentine,* their only other son, $600 on his attaining the age of twenty-four years, and to the plaintiff *Gertrude Duffy,* the only daughter of a deceased daughter, $100 on her attaining the age of eighteen years. This agreement was secured by a mortgage on the farm, which the beneficiaries *Walentine* and *Gertrude* are seeking to foreclose in this action. Both deed and mortgage were immediately recorded. *Franz* went into possession and commenced to perform the contract of support, and so remained until about August 1, 1890, when it was in good faith agreed between the parents and *Franz* that he (*Franz*) should reconvey the premises and property thereon to his father on payment by the father of $600, and that the agreement of support should be canceled and the

mortgage discharged. This arrangement was carried out. *Franz* left the premises and the father took possession, paid the money, and discharged the mortgage of record. The plaintiff *Walentine* is found by the court, on sufficient evidence, to have become twenty-four years of age in November, 1892, and the plaintiff *Gertrude* to have become eighteen years of age in October, 1897. It does not appear that *Franz* breached the contract of support, but the cancellation was agreed on because of trouble arising between the parents and *Franz's* newly-married wife. *Walentine* had knowledge of the transaction, made no objection, and received $100 of the money paid by the father to *Franz* in payment of a loan which he had made to *Franz*. *Walentine* understood that the agreement and mortgage were canceled, and the court finds that the agreement of cancellation never could have been carried out had *Wallentine* made objection to the arrangement, because the father was obliged to secure the $600 by mortgage on the premises and could not have done so had a claim then been asserted by *Walentine*. Shortly after the cancellation arrangement was made, the defendant *Anna Jaremba,* the remaining daughter of Stanislaus, came from Michigan with her husband and family and carried on the farm and cared for her parents until their respective deaths, the father's in 1899 and the mother's in February, 1913. The family knew at the time of *Anna's* return that the parents intended to deed the farm to *Anna* if she continued to support them, and in 1894 the parents deeded the farm to *Anna* subject to an incumbrance to one *Krueger* of $800 upon her executing an agreement to support them during their lives, secured by a mortgage on the property. *Anna* has paid off the mortgage of $800, besides making improvements on the place aggregating $1,000. The plaintiff *Gertrude* had no knowledge of the transactions between her grandparents and the defendants *Anna* and *Franz,* and none of those transactions were influenced by her statements or conduct.

On these facts the court held that *Walentine* was estopped by his conduct from claiming any rights under the mortgage, that *Gertrude* was not estopped nor barred by laches, but that the original agreement and the whole thereof was rescinded by the agreement of cancellation made ,between the parents and *Franz* so that no action lies thereon in favor of either of the plaintiffs. From judgment in accordance with these findings the plaintiffs appeal.

For the appellants the cause was submitted on the brief of *John J. Wood, Jr.*

For the respondents there was a brief by *Philip Lehner,* attorney, and *B. R. Goggins,* of counsel for respondent *Jaremba,* and oral argument by *Mr. Goggins.*

Winslow, C. J. It is held in this case:

1. The original transaction between *Franz* and his parents, by which *Franz* agreed to pay certain sums to *Walentine* and *Gertrude* respectively in consideration of the conveyance of the farm, and executed a mortgage to secure such payments, established the relation of debtor and creditor between *Franz* and each of the beneficiaries, which relation could not be changed merely by agreement of the parents and *Franz* without the consent of the beneficiaries. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440.

2. Under the facts found by the court the plaintiff *Walentine* was plainly estopped from asserting any claim under the agreement or mortgage.

3. Not only is *Walentine* estopped, but he is barred by the twenty-year statute of limitations. Sub. 2, sec. 4220, Stats.

4. *Gertrude,* not being estopped or barred by the statute of limitations, is entitled to foreclose the mortgage for the amount due her under the agreement, with interest.

*By the Court.*—That portion of the judgment dismissing the complaint, with costs, as to the plaintiff *Walentine* is affirmed with costs, and the remainder of the judgment is

reversed with costs, and the action remanded to the circuit court with directions to enter judgment of foreclosure in favor of the plaintiff *Gertrude,* as indicated in the opinion.

TIMLIN, J. In this case I dissent from the conclusion that the promisor and promisee, in a contract executory on the part of the promisor but executed on the part of the promisee, which contract contains a promise to pay a sum of money to a third person who parted with no consideration, cannot, while the contract remains executory and unperformed on the part of the promisor, rescind that contract and return the consideration to the promisee without the assent of such third person and without the aid of a court. In *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, the contract had been executed according to its terms between the immediate parties thereto, and to say the least the rule of that case should not be extended. Suppose the rule of the majority opinion in this case were applied in a case like *Dilger v. McQuade, post,* p. 328, 148 N. W. 1085, if the immediate parties had attempted a rescission?

I am authorized to say that Justices SIEBECKER and KERWIN concur in this dissent.