GIMBEL BROTHERS, Appellant, vs. McCONNELL, Respondent.

*December 9, 1914—January 12, 1915.*

*Contract for benefit of third person: Escrow: Failure to comply with conditions: Release.*

A contract providing that the owner of certain property should convey it to defendant free of all liens or claims except two mortgages, and that as part of the consideration defendant should assume and pay plaintiff's claim against said owner, was, together with the proper deeds, placed in escrow, not to be delivered until the owner was able to comply with the conditions of the contract. Being unable to comply therewith, the owner afterwards in terms released defendant from paying plaintiff's claim. *Held,* that as the contract never became operative defendant never became liable to pay plaintiff's claim. *Tweeddale v. Tweeddale,* 116 Wis. 517, and *Wetutzke v. Wetutzke,* 158 Wis. 305, distinguished.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover $1,760.63 claimed to be due from defendant under an agreement alleged to have been entered into between him and one Bridge, who was indebted to plaintiff in that amount. Bridge owned a hotel at Portage which on July 17, 1911, he agreed to deed to the defendant free of all

liens or claims except two mortgages amounting to $10,000.
As a part of the consideration defendant agreed to pay plaint-
iff's claim against Bridge to the amount stated. Defendant
denied that Bridge ever performed his part of the contract;
alleged that he was unable to do so and on that account the
agreement between them was rescinded. He further alleged
that after the rescission of his contract with Bridge plaintiff
settled his account with him by accepting notes from him in
full payment of the account; that Bridge has been adjudged
a bankrupt, and that plaintiff has filed the notes referred to
in the bankruptcy proceeding and is there seeking to collect
them. The written contract for the sale of the hotel, signed
by the defendant and Bridge, contained this provision: "This
agreement is to be fully consummated and the papers ex-
changed on or before the 20th day of August, A. D. 1911;
said *McConnell,* however, is to have possession of the Portage
hotel property from this date." The contract and papers
were placed in escrow with one Morgan and were not to be
delivered till Bridge was able to comply with the terms of the
agreement. He never complied therewith, but on the con-
trary liens amounting to about $6,000, in addition to the two
mortgages, were filed against the hotel after the agreement
was executed and while the papers were in escrow. They were
held by Morgan at the time defendant discovered the addi-
tional liens on the property, and there is nothing to show they
had been delivered when defendant and Bridge made the new
arrangement whereby defendant was released from paying
plaintiff's claim, or that they have since been delivered.

The trial court found that on July 17, 1911, the defendant
entered into a contract with Bridge which provided that the
latter should transfer to the defendant certain real estate free
and clear of all liens or claims except two mortgages, and
that the defendant should assume and pay Bridge's account
with plaintiff; that Bridge never carried out his part of the
contract by transferring the real estate bargained for free of

all liens and claims except two mortgages; that subsequent to July 17, 1911, it was mutually agreed between Bridge and the defendant that Bridge should pay his claim to plaintiff and the defendant should be relieved from the payment thereof, and that defendant took and still retains possession of the hotel. It further found that on or about September 20, 1912, the plaintiff and Bridge agreed that the latter should give his notes to the former for the amount of the account in suit, which was done; that the notes were accepted by the plaintiff as payment of the account and it then released defendant from further liability thereon. Judgment was entered dismissing the complaint and the plaintiff appealed.

For the appellant there was a brief by *Freeman & Geilfuss* and *Byron H. Stebbins,* and oral argument by *Mr. Stebbins.* They contended, *inter alia,* that the right of a third person to enforce a contract made for his benefit does not depend upon the performance by the immediate parties to the contract of other promises made by them. It is the making of the promise, not its performance, that is the consideration for the promise to pay the third person. The rights of the third person are not subject to the condition that the promisee shall fully perform, any more than to the condition that the contract continue in force—be not abrogated by the immediate parties thereto. They cited, among other cases, *Tweeddale v. Tweeddale,* 116 Wis. 517, 526, 93 N. W. 440; *Wetutzke v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088, 1090; *Johnston v. Charles Abresch Co.* 123 Wis. 130, 137, 101 N. W. 395; *Gilbert P. Co. v. Whiting P. Co.* 123 Wis. 472, 102 N. W. 20; *Fanning v. Murphy,* 126 Wis. 538, 544, 105 N. W. 1056; *Whiting v. Hoglund,* 127 Wis. 135, 137, 106 N. W. 391; *Peterson v. C. & N. W. R. Co.* 119 Wis. 197, 203, 204, 96 N. W. 532; *R. Connor Co. v. Ætna I. Co.* 136 Wis. 13, 20, 21, 115 N. W. 811; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 10, 138 N. W. 102; *Zwietusch v. Becker,* 153 Wis. 213, 216, 140 N. W. 1056; *Davis v. Calloway,* 30 Ind.

112, 95 Am. Dec. 670; *Helms v. Kearns,* 40 Ind. 124; 25 L.
R. A. 258, note; *Getchell & M. L. M. Co. v. Peterson,* 124
Iowa, 599, 100 N. W. 550; *Doll v. Crume,* 41 Neb. 655, 59
N. W. 806; *School Dist. ex rel. Koken Iron Works v. Livers,*
147 Mo. 580, 49 S. W. 507; *Kansas City ex rel. Diamond B.
& T. Co. v. Schroeder,* 196 Mo. 281, 93 S. W. 405, 409;
*Kauffman v. Cooper,* 46 Neb. 644, 65 N. W. 796; *People for
use of Reynolds v. Banhagel,* 151 Mich. 40, 114 N. W. 669,
670.

For the respondent there was a brief by *Edward J. Rey-
nolds* and *Henry T. Sheldon,* and oral argument by *Mr. Rey-
nolds.*

VINJE, J.     Plaintiff's counsel says the finding of the trial
court that "Defendant should assume and pay the account of
said Bridge with the plaintiff" is not excepted to and is there-
fore a verity in the case.     The language of the trial court is
that the defendant entered into a contract with Bridge which
provided that he should assume and pay the claim.     Ordi-
narily this would be equivalent to a finding that he agreed to
assume and pay it.     But the language of the trial court, taken
in connection with the undisputed facts, shows that he is
merely reciting the provisions of the agreement placed in es-
crow, which was nothing more nor less than a reduction to
writing of the terms of an understanding which both parties
agreed should become binding in the event that Bridge should
be able to transfer the property free from all liens except the
two mortgages.     It was only an agreement *in fieri;* an under-
standing reduced to writing but not to become operative until
certain prescribed conditions were complied with.     Such con-
ditions in this writing were never complied with, so it never
became an operative agreement.     There never was an uncon-
ditional contract entered into between defendant and Bridge
that the former should pay the latter's account with plaintiff.
On the other hand it was discovered that additional liens were

placed on the property which the defendant had to assist in paying. Bridge in terms released him from paying plaintiff's claim. Such agreement was not a release of any liability of defendant to plaintiff, for there had been none; nor was it in fact a new agreement, since the contemplated one of July 17, 1911, never ripened into an agreement.

The facts of the case, therefore, do not bring defendant within the rule of *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, and *Wetutzke v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088, where it was held that a valid agreement entered into between two persons for the benefit of a third cannot be rescinded or altered without the consent of such third person.

Plaintiff, upon being informed of the substance of the contents of the writing entered into July 17, 1911, sought for some time to collect its claim from both Bridge and the defendant. The latter in substance always told plaintiff that he would pay the claim if Bridge fulfilled his part of the contemplated agreement. Upon learning from Bridge that there was small prospect of his being able to convey subject only to the two mortgages, plaintiff took his notes for the amount of its claim and thereafter tried to collect them from him as they fell due, and filed them in the bankruptcy proceedings. The court found that they were taken in payment of the claim and that defendant was released. Were it necessary to pass upon this aspect of the case we should hold that the evidence sustains the findings. But as already indicated, we rest the decision upon the fact that no valid unconditional promise on the part of the defendant to pay plaintiff's claim has been shown.

*By the Court.*—Judgment affirmed.