ROUNDY, PECKHAM & DEXTER COMPANY, Respondent, vs. BALDWIN, Appellant.

*September 16—October 5, 1915.*

*Contracts: Consideration: Statute of frauds.*

A written promise, by one taking over the goods and business of a retailer who was indebted to a wholesaler, to continue the business until all obligations of said retailer were satisfied, was, where relied upon by the wholesaler, based upon sufficient consideration and was a binding obligation to pay the debt to the wholesaler.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *George Crawford,* and for the respondent on that of *Francis X. Morrow* and *Classon & O'Kelliher.*

KERWIN, J. Judgment for plaintiff was rendered in justice's court and affirmed on appeal to the circuit court. From the stipulated facts it appears:

"That for some time prior to July 22, 1913, one L. H. Baldwin, Jr., son of the defendant, was owner of and operated a grocery store at Gillett, Oconto county, Wisconsin.

"That said L. H. Baldwin, Jr., was at said time indebted to plaintiff, a wholesale grocery company of Milwaukee, in the sum of one hundred nine and 30/100 ($109.30) dollars.

"That some time prior to July 22d and while so indebted to the plaintiff the said L. H. Baldwin, Jr., turned over to this defendant his said business and store without giving any notice to his creditors as required by law in case of a sale of an entire stock of goods and without in any way complying with the Wisconsin law in regard to sales of stock of goods.

"That under date of July 22, 1913, and after defendant had so taken over the business of L. H. Baldwin, Jr., he wrote the following letter to the plaintiff:

" 'July 22, 1913.
" '*Roundy, Peckham & Dexter Company,* Milwaukee, Wis..

" 'Gentlemen: L. H. Baldwin, Jr. (my son), has gone out of business. I however will continue the business until all obligations are satisfied (his), and since there are many, and I discount all my bills, it may come rather slow for a time.

" 'Give me cash figures of all I purchase of you, or shall I deduct the discount? Place the inclosed check to the credit of L. H. Baldwin, Jr.            L. H. BALDWIN.'

"That plaintiff after receiving said letter never took any steps to collect its account from the stock of goods of L. H. Baldwin, Jr.

"That there was no dispute as to the amount of the indebtedness of L. H. Baldwin, Jr., and that judgment was taken against the defendant for the amount conceded to be due."

Upon the admitted facts we are of opinion that the plaintiff was entitled to judgment. The appellant contends that there was no promise on his part to pay and no consideration sufficient to support a promise.

The court below held, and we think correctly, that there was a valid promise and a binding obligation upon the defendant under the established facts to pay the claim in question. *Lessel v. Zillmer,* 105 Wis. 334, 81 N. W. 403; *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440.

The defendant took over the goods and business, agreed to

pay the debts of his son, L. H. Baldwin, Jr., and plaintiff relied upon such promise. The promise was valid and based upon a sufficient consideration.

*By the Court.*—The judgment is affirmed.