Sedgwick v. Blanchard, 164 Wis. 421.

SEDGWICK, Respondent, vs. BLANCHARD, Executor, and others, Appellants.

*November 16—December 5, 1916.*

*Pleading: Exhibit made part of complaint: Sufficiency: Contract for benefit of third person: Agreement to convey land: Enforcement.*

1. Where a copy of a contract is annexed to a complaint which states that it is so annexed and is "made a part of this complaint," such contract is a part of the pleading and may properly be resorted to in determining its sufficiency.
2. When a person for a valuable consideration paid to him by another agrees to pay or cause to be paid a sum of money to a third person, a stranger to the transaction, the latter thereby becomes possessed of the absolute right to the benefit of the promise, and a right of action thereby accrues to him against the promisor.
3. The fact that the payment was to be in land and not in money does not affect the rule above stated.
4. Where, by a written contract between father and son, the father agreed, in consideration of future support, etc., to convey certain land to the son by deed to become effective at the father's death, and also to convey certain other land to a daughter who

was not a party to the contract, but after performance for some
years by the son the father conveyed to him both tracts of land
upon condition that he pay a certain sum of money to the daugh-
ter, the latter was entitled, after her father's death, to compel
the son to convey to her the land which he secured through a
breach of the original contract.

APPEAL from an order of the circuit court for Dunn
county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Action to compel the conveyance of certain real estate to
plaintiff. The complaint alleges in substance that plaintiff
is the daughter of H. C. Blanchard, deceased; that *E. B.
Blanchard,* her brother, is the executor of the last will of the
deceased, and that they constitute the sole heirs at law of
H. C. Blanchard. *Elizabeth Blanchard* is the wife of *E. B.
Blanchard.* It further alleges that in 1903 H. C. Blanchard
entered into a contract with *E. B. Blanchard,* wherein, in
consideration of future support, care, medical attendance,
and payment of funeral expenses, he agreed to deed to said
*E. B. Blanchard* certain real estate of which he was then the
owner, the deed to become effective upon the death of H. C.
Blanchard, and also to turn over to him personal property
therein described, and to deed to plaintiff a certain described
piece of real estate which he then owned and to deliver pos-
session of all the real estate to be deeded to both son and
daughter to the son to be used during the lifetime of H. C.
Blanchard; with other provisions not material to this case.
The agreement also provided that any failure on the part of
*E. B. Blanchard* to keep or perform any of the conditions of
the contract should render the same null and void, and *E. B.
Blanchard* should surrender possession of the premises to
H. C. Blanchard and redeliver to him the remaining per-
sonal property. The complaint further alleges that *E. B.
Blanchard* entered into possession of all the real estate and
personal property and supported his father pursuant to the
agreement until on or about the 10th day of March, 1911,
when, in consideration of love and affection, one dollar, and

future support, care, and burial, H. C. Blanchard executed
and delivered a deed of all the real estate heretofore men-
tioned to *E. B. Blanchard* upon the condition that the latter
pay the sum of $1,000 to plaintiff within five years from the
date of the deed; that *E. B. Blanchard* accepted said deed
and placed it on record on March 25, 1915. It then alleges
that H. C. Blanchard died testate on the 23d day of March,
1915, devising said real estate to *E. B. Blanchard* subject to
the payment of $1,000 to plaintiff; that demand to convey
has been made upon defendants and that they have refused
to do so. The defendants *E. B. Blanchard* and *Elizabeth
Blanchard* entered a general demurrer and there was a sep-
arate demurrer by *E. B. Blanchard* as executor. The court
overruled the demurrers, and the defendants appealed.

For the appellants there was a brief by *Freeman & Free-
man,* and oral argument by *Charles E. Freeman.*

For the respondent there was a brief by *J. R. Mathews*
and *R. E. Bundy,* and oral argument by *Mr. Bundy* and
*Mr. John E. Foley.*

VINJE, J. A copy of the contract entered into between
*E. B. Blanchard* and H. C. Blanchard was marked Ex-
hibit A and annexed to the complaint, which contained this
allegation relative thereto: "a copy of which contract is here-
to annexed, marked Exhibit A, and made a part of this com-
plaint." We fail to appreciate the force of appellants' ten-
page argument to the effect that the contract is not a part of
the complaint and cannot be resorted to for the purpose of
determining its sufficiency, nor can we see the relevancy of
the cases cited to sustain the argument. The method here
pursued of making the contract a part of the complaint has
been too long recognized by this court to be now open to ques-
tion or to need citation of authorities in its support.

The complaint alleges the execution of a written contract
for a valuable consideration for the benefit of plaintiff, a
stranger thereto; that the contract was performed for about

eight years, when the parties thereto sought to change it without the consent of the plaintiff; that demand for a conveyance has been made and refused. The facts alleged bring the case under the principle declared in *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, namely, that when a person for a consideration paid to him by another agrees to pay or cause to be paid a sum of money to a third person, a stranger to the transaction, the latter thereby becomes possessed of the absolute right to the benefit of the promise and a right of action thereby accrues to him against the promisor. This principle has since been recognized and applied in *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74; *Peterson v. C. & N. W. R. Co.* 119 Wis. 197, 96 N. W. 532; *Gilbert P. Co. v. Whiting P. Co.* 123 Wis. 472, 102 N. W. 20; *Smith v. Pfluger,* 126 Wis. 253, 105 N. W. 476; *Whiting v. Hoglund,* 127 Wis. 135, 106 N. W. 391; *U. S. G. Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102; *Zwietusch v. Becker,* 153 Wis. 213, 140 N. W. 1056; *Wetutzke v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088; *Roundy, Peckham & Dexter Co. v. Baldwin,* 161 Wis. 342, 154 N. W. 364; *Concrete S. Co. v. Ill. S. Co.* 163 Wis. 41, 157 N. W. 543, and is now too firmly entrenched in the jurisprudence of the state to be successfully questioned. In *Gimbel Bros. v. McConnell,* 159 Wis. 325, 150 N. W. 495, the principle was recognized, but held not applicable since no valid contract was made. The fact that the payment was to be in land and not in money does not affect the rule.

Since the promisor is dead and the defendants now have title to the land, secured through a breach of the original contract, no reason is perceived why they should not be compelled to convey to plaintiff if the facts alleged in her complaint are established.

*By the Court.*—Order affirmed.