SEDGWICK, Respondent, vs. BLANCHARD and another, Appellants.

*October 8—November 4, 1919.*

*Contracts: Termination of rights by provision for forfeiture: Right to negotiate after breach with party in fault: Appeal: Res adjudicata: Decision on different facts.*

1. If the facts on which the present judgment is predicated are substantially different from the allegations of the complaint, the former decision of this court on such complaint upholding its sufficiency is not *res adjudicata,* and the present record, on an appeal from a judgment for the plaintiff, must receive original investigation.

2. Where a father agreed with his son to convey eighty acres of land to the son and eighty acres to a daughter if the son would take possession, farm the land, and support the father, and the contract provided that the failure of the son to perform any condition should render it void, a subsequent breach by the son, coupled with re-entry by the father, especially in view of the contract provision, put an end to the contract and all rights created by it in favor of the daughter.

3. After the son's breach of the agreement the father had a right to negotiate again with the son; and the sister, excluded from any right in the land through the termination of the original contract and the making of a new one, cannot complain that the son and his wife should not be permitted to profit by their breach of the original contract.

APPEAL from a judgment of the circuit court for Dunn county: GEORGE THOMPSON, Circuit Judge.    *Reversed.*

On the 31st day of December, 1903, H. C. Blanchard, an aged widower, was the owner of a farm, consisting of 160 acres, in Dunn county, Wisconsin.    On that day he entered into a contract with his son, *E. B. Blanchard,* whereby the son agreed to at once take possession of said premises and personal property, till the farm, and provide the said H. C. Blanchard with support and maintenance.    The father agreed "to give to said first party by deed or otherwise, to take effect at the death of said second party," the east eighty acres of said farm, and to *Edith Sedgwick* (plaintiff herein and daughter of H. C. Blanchard) the west half of said farm.    It was further agreed in said contract that any failure on the part of the son to keep and perform any of the conditions thereof on his part to be performed should render said contract null and void, and that thereupon, on demand, said son should at once deliver to said father possession of said premises as well as the personal property.    The said H. C. Blanchard died March 23, 1915.    This action was commenced by *Edith Sedgwick,* daughter of H. C. Blanchard, to compel the conveyance to her by *E. B. Blanchard* and wife of the west eighty acres of said farm.

The complaint alleged the making of the contract above mentioned, the relation of the parties, that soon after the making of the contract *"Ernest B. Blanchard* entered into the possession of said real estate and the said personal property under the said contract and H. C. Blanchard commenced living with said *Ernest B. Blanchard,* as provided in said contract, and the parties to said contract continued to act and live under it until the execution of the deed by said H. C. Blanchard to the defendant *Ernest B. Blanchard* as hereinafter alleged; that on or about the 10th day of March, 1911, the said H. C. Blanchard executed and delivered to the defendant *Ernest B. Blanchard,* under the name of *E. B.*

*Blanchard,* a conveyance of the said real estate, wherein and whereby for an expressed consideration of one dollar and natural love and affection the said H. C. Blanchard conveyed to the defendant *Ernest B. Blanchard,* under the name of *E. B. Blanchard,* said real estate, upon condition, and provided always, that said *Ernest B. Blanchard,* his heirs and assigns, were to keep, support, and furnish a comfortable home and clothing for said H. C. Blanchard, and give him what money he would require for his own use, and properly care for him, and furnish medical care and attention when needed, and give him a Christian burial after death; and also to pay to this plaintiff, *Edith Sedgwick,* the sum of $1,000, to be paid within five years from the date hereof;" which deed was accepted by the said defendant *Ernest B. Blanchard* and recorded on the 25th day of March, 1915, two days after the death of the said H. C. Blanchard. The complaint then alleges that the said H. C. Blanchard died testate on the 23d day of March, 1915; that the will was admitted to probate and the defendant *Ernest B. Blanchard* was appointed executor thereof; that by said will said H. C. Blanchard devised to said defendant *Ernest B. Blanchard* all of the said real estate, subject to the payment to this plaintiff of the sum of $1,000; that prior to the commencement of this action plaintiff had demanded of defendants that they convey to her the west half of said premises, but that they had refused.

Upon the remanding of the case on the former appeal the defendants answered the complaint and the issues so formed were tried by the court without a jury, resulting in findings of fact and conclusions of law, which will be referred to in the opinion, and judgment was entered in favor of the plaintiff. From this judgment the defendants appealed.

For the appellants there were briefs signed by *C. E. Freeman* of Menomonie, and oral argument by *Mr. Freeman.*

For the respondent there was a brief by *J. R. Mathews*

and *R. E. Bundy* of Menomonie, and oral argument by *Mr. Bundy* and *Mr. N. O. Varnum* of Hudson.

OWEN, J.    Respondent contends that the decision of the former case (164 Wis. 421, 160 N. W. 267) is *res adjudicata*.    This depends upon whether the facts proved and found by the court substantially differ from the allegations of the complaint.    If the facts upon which the present judgment is predicated are substantially different from the allegations of the complaint, then the former decision is not *res adjudicata* and the present record must receive original investigation.    *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465; *Baker v. Madison,* 62 Wis. 137, 22 N. W. 141, 583; *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764; *Case v. Hoffman,* 100 Wis. 314, 75 N. W. 945.

The court found that within a few days after the execution of the contract alleged in the complaint the defendant *E. B. Blanchard* and his wife entered into possession of the premises and personal property described in the contract, and for a year and a half faithfully performed the conditions of the contract; that on or about July 8, 1905, the said *E. B. Blanchard* and his wife, *Elizabeth,* having become dissatisfied with the terms of the contract, voluntarily breached the same, left and abandoned said premises, and left the father, H. C. Blanchard, in exclusive control thereof; that about a month later the father, upon promise of making better terms with them, induced them to return to the premises, and on August 8, 1905, they did return to the premises and continued to work and farm the same and to support and maintain the father down to the time of his death, March 23, 1915; that on March 11, 1915, the father executed a deed to the son whereby he conveyed the entire farm to him upon condition that he provide support and maintenance for the father during the remainder of his life and upon his

death pay to the plaintiff, *Edith Sedgwick,* the sum of $1,000.

This circumstance is not revealed by the allegations of the complaint. The complaint alleges that soon after the execution of the contract the defendant *Ernest B. Blanchard* "entered into possession of said real estate and the said personal property under the said contract and H. C. Blanchard commenced living with said *Ernest B. Blanchard,* as provided in said contract, and the parties to said contract continued to act and live under it until the execution of the deed by said H. C. Blanchard to the defendant *Ernest B. Blanchard,* as hereinafter alleged." It then alleges the execution of the deed of March 11th. It will be noticed, therefore, that the record on the prior appeal did not disclose the breach of the contract of July 8, 1905, nor the re-entry or repossession of the premises by the father. While mention is made in the opinion on the former appeal of a breach of the contract, it doubtless referred to the execution of the deed of March 11th, which was contrary to the terms and conditions of the contract. It did not refer to the breach occurring, as the court found, July 8, 1905. It is plain that the record before us presents a situation not disclosed by the record on the former appeal and the rights of the parties must be considered in the light of the present record.

Whatever right the plaintiff, *Edith Sedgwick,* has to a conveyance of the eighty acres claimed by her, is referable to the contract of December 31, 1904. As we have seen, the terms and conditions of that contract were never executed. The contract was breached by *E. B. Blanchard,* who left the premises, refused to further perform the conditions thereof, and the father, H. C. Blanchard, was restored to the exclusive possession of the farm and personal property. The contract itself provided that the failure of the said *E. B. Blanchard* to keep or perform any of the conditions thereof

should render the contract null and void.   It is difficult to perceive why, in view of that provision in the contract itself, the breach thereof on the part of *E. B. Blanchard,* coupled with a re-entry on the part of the father, did not effectually put an end to the contract and all rights created by it.   It is true that this court has gone a great ways in sanctifying contracts made for the benefit of third parties.   In *Wetutzkc v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088, in a similar transaction between father and son, where the son agreed to pay certain sums to third parties and executed a mortgage to secure such payments, it was held that the relation of debtor and creditor was established between the son and such beneficiaries, which relation could not be changed by agreement between the father and son without the consent of the beneficiaries, and the mortgage executed by the son was enforced against the premises notwithstanding the fact that the premises had been reconveyed to the father when it became apparent that the original arrangement could not be agreeably carried out.   That case probably marks the limit which this court will go in enforcing contracts of an executory nature made for the benefit of third parties.

In the *Wetutzke Case* there was no provision in the contract that in case of a breach thereof it should be null and void, nor was there a re-entry pursuant to a breach, which facts distinguish that case from this.   It seems plain that the rights of plaintiff in and to the premises, a conveyance of which she seeks, were put at an end upon the termination of the contract by its own terms upon the occasion of the breach thereof by *E. B. Blanchard* July 8, 1905, followed by a re-entry on the part of the father, and that she cannot compel a conveyance thereof.

It is argued by respondent that the defendants should not be permitted to profit by their own breach of the original contract.   We fail to appreciate the force of this argument. Upon the breach of the contract the father was in a position

where he was compelled to negotiate with some one relative to the management of the farm in such a way as would assure him his future support and maintenance. It is quite plain that if he had entered into an arrangement with a third party, plaintiff would have had no claims upon such third party. We know of no reason why his right in this respect should be limited to third parties, nor why he and his son might not enter into a new arrangement with the same force and effect that would be accorded an agreement between the father and a third person. The first contract was at an end and had no more existence than though it had never been executed. Being at an end, it could constitute no barrier to the right of the father and son to enter into the new arrangement. It follows from what has been said that the judgment should be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing plaintiff's complaint.