KROENING and wife, Respondents, vs. KROENING and others, Defendants: SMITH, Administratrix, and others, Appellants.

*October 15—November 10, 1936.*

For the appellants there was a brief by *C. B. Dillett* and *Herman E. Koehler,* both of Shawano, attorneys for Clarence Kroening, *C. B. Dillett,* attorney for Linda Mayer, special administratrix of the estate of Louis Kroening, *Smith & Smith* of De Pere, attorneys for Mae E. Smith, administratrix of the estate of Herman Kroening, and oral argument by *Mr. Herbert J. Smith* and *Mr. Dillett.*

For the respondents there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

WICKHEM, J. On June 4, 1917, Charles and Augusta Kroening, being then the owners of the farm in question and of all the personal property thereon, conveyed both real estate and personal property to the plaintiff, Walter Kroening, taking back a bond of support which in addition to the usual details of such a contract obligated the grantee to pay to each of his five brothers the sum of $500. The due dates upon these obligations ran from five to twelve years from date. Walter Kroening entered possession of the farm and personal property and carried out the agreement for support until February 8, 1919. On that date, there having been up to that time no breach of the obligation to support, Walter Kroening notified his father that he would no longer carry out the bond of support. He thereupon reconveyed the farm to his parents and abandoned the premises. The parents went into possession and occupied the premises until the death of Charles Kroening, February 13, 1923, at which time the interest of Charles Kroening in the property vested in his widow Augusta. On November 18, 1929, Carl Kruschke, who had in the meantime married Augusta, joined with her in a conveyance of the premises to Walter and Elsie Kroening for a cash consideration. On September 24, 1930, plaintiffs mortgaged the premises to the Bonduel State Bank for $4,000, and on January 28, 1933, conveyed an easement to the Wisconsin Michigan Power Company.

The original conveyance to plaintiff was in consideration of support. As in a number of other such transactions considered by this court, the bond of support was *quasi*-testamentary in that $2,500 of the purchase price was to be paid to brothers of the grantee at various specified due dates. The contract does not expressly provide that it is subject to rescission in case of breach, and it is contended that under the

doctrine of the case of *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, the rights of the beneficiaries to a third-party contract may not be divested in cases where there has been a mutual abandonment of the contract by the original parties. To this proposition the case of *Wetutzke v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088, is cited. In that case a conveyance was made in consideration of an agreement substantially similar to the one here involved, and it was held by the court that the relation of debtor and creditor between the grantee under the support contract and the beneficiaries could not be changed merely by agreement between the original parties to the support contract. In the *Wetutzke Case,* however, there was no breach, cancellation being agreed upon because of trouble between the grantee's wife and parents. This circumstance differentiates this case from the *Wetutzke Case.* Here there was an announcement by grantee of his intention immediately to abandon the premises and to cease performance of the support contract. Certainly this repudiation constituted a breach of the contract of support. Whether in view of the fact that grantee's obligations were continuous in character and had already matured, this abandonment may properly be called an anticipatory breach, it is unnecessary to determine. We entertain no doubt that it was a breach entitling the grantors to make a re-entry and revest the title in themselves, an absolute conveyance in consideration of a promise to support being treated in equity as one upon condition subsequent. *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Young v. Young,* 157 Wis. 424, 147 N. W. 361; *Knutson v. Anderson,* 216 Wis. 69, 255 N. W. 907.

While the fact that the grantee reconveyed the premises may lend color to the claim that there was a mutual abandon-

ment or rescission as in the *Wetutzke Case,* there was an actual breach and re-entry, and the rights of the grantor are not affected by his acceptance of a reconveyance. This was a mere device to clear the title and perhaps avoid the expense of an action for that purpose. The facts in this respect are similar to, and the point is governed by, *Sedgwick v. Blanchard,* 170 Wis. 121, 174 N. W. 459. This case is in all respects similar to the one at bar, except that in that case the contract provided that any failure to perform would render the contract null and void. This proviso was held to distinguish the case from the *Wetutzke Case,* but the court also relied upon the fact that in the latter case there was no "re-entry pursuant to a breach." We cannot escape the conclusion that upon re-entry, the title revested in the grantor, free and clear from any liens or incumbrances created by the contract of support. The rule that conveyances upon consideration of support, although absolute in form, are to be treated as made upon a condition subsequent, requires the holding that upon breach and re-entry the title revests, free and clear of any incumbrances created by the bond of support. That the re-entry is also destructive of all rights created by the support contract in third persons seems probable, although it is unnecessary to determine this question here.

*By the Court.*—Judgment affirmed.