MERCHANDISING CORPORATION, Respondent, v. MARINE NATIONAL EXCHANGE BANK, Executor, Appellant.*

*November 3—November 29, 1960.*

* Motion for rehearing denied, with $25 costs, on February 7, 1961.

For the appellant there were briefs by *Hoffman, Cannon, McLaughlin & Herbon,* attorneys, and *Alexander Cannon* and *Gordon P. Ralph* of counsel, all of Milwaukee, and oral argument by *Mr. Alexander Cannon* and *Mr. Ralph.*

For the respondent there was a brief by *Foley, Sammond & Lardner, Steven E. Keane,* and *John R. Collins,* all of Milwaukee, and oral argument by *Mr. Collins.*

BROWN, J. Elise K. John conveyed premises to plaintiff by a warranty deed executed and delivered to plaintiff on March 10, 1945. Mrs. John died August 3, 1952. The defendant is the executor of her will. The deed included covenants against incumbrances and for quiet and peaceable possession of the premises. In 1957 parties referred to herein as "Red Star," "Patek," and "Gash *et al.*" procured a judgment against Merchandising Corporation adjudging that "Red Star," "Patek," and "Gash" had easements over a portion of the premises which Mrs. John had conveyed to Merchandising Corporation by her warranty deed. That judgment, slightly modified here, was affirmed in *Red Star Yeast & Products Co. v. Merchandising Corp.* (1958), 4 Wis. (2d) 327, 90 N. W. (2d) 777. No representative of Mrs. John or her estate was a party to that action.

After the entry of judgment in the *Red Star* action, Merchandising Corporation brought the present action against Mrs. John's executor for damages for breach of her covenants contained in her warranty deed. The answer of the defendant contained affirmative defenses among which are that plaintiff was in possession of the premises as tenant for two years before execution of Mrs. John's deed to plaintiff and plaintiff is estopped to make claim because of its actual knowledge of the prescriptive incumbrances complained of, and that plaintiff was guilty of laches.

Other affirmative defenses were pleaded. We do not say that they are not meritorious but we consider discussion of them unnecessary to our determination.

Plaintiff demurred to all the defenses on the ground that they did not state a defense to the action. Plaintiff also moved for summary judgment. On May 3, 1960, the trial court entered its order (1) sustaining plaintiff's demurrer in so far as it relates to the prescriptive rights of Red Star

Yeast & Products Company and Patek Brothers, Inc., and a further order (2) that plaintiff's motion for summary judgment is granted in so far as it relates to the prescriptive rights of the above-named parties, except the issue of damages, which issue is held for trial. The orders do not refer to the so-called "Gash" interests, litigated in the *Red Star Yeast & Products Co.* action, *supra,* and plaintiff-respondent here has given notice of review to delete from the said orders the limitation "in so far as it relates to the prescriptive rights of Red Star Yeast & Products Company and Patek Brothers, Inc."

No judgment has been entered in this action. Under sec. 274.33 (1), Stats., which enumerates appealable orders, an order for judgment is not appealable and the supreme court has no jurisdiction to entertain an appeal from such an order. *Jaster v. Miller* (1955), 269 Wis. 223, 233, 234, 69 N. W. (2d) 265, and cases cited therein. This attempted appeal from the order for summary judgment must be dismissed.

The questions arising from the demurrer to defendant's answer must still be considered.

The briefs of both parties have been more concerned with the questions relating to summary judgment, which are beyond our consideration, and slight attention has been paid to the demurrer.

An answer should be held good on demurrer if it states a defense to any cause of action which plaintiff has pleaded and on which he has a right to rely. *Frechette v. Ravn* (1911), 145 Wis. 589, 130 N. W. 453.

As we have already indicated, we will discuss only the defense above specifically referred to.

In paragraph 4 of the complaint plaintiff alleged that the Wisconsin supreme court affirmed the judgment in the *Red Star Case,* quoting the judgment at length, setting forth

therein that the plaintiffs in *Red Star* had "openly, notoriously, continuously, adversely, and under a claim of right" used a described part of the Merchandising Corporation's premises; that such use has existed, in the case of *Red Star* since 1896, in the case of *Patek* since 1915, and in the case of *Gash* since prior to 1937; and that such users have acquired easements by prescription. The complaint alleges that the existence of these easements has breached the covenants of Mrs. John's warranty deed.

Defendant's answer alleges that it has no knowledge or information concerning those facts alleged by the complaint, but—

"As and for a further defense, this defendant alleges that for two years prior to the date of the deed set forth in paragraph 3 of the complaint, the plaintiff was in possession of said premises as a tenant of defendant and had knowledge of any claims if any for the right to use said premises and of the use that was made of said premises by Red Star Yeast, the members of the Gash family and Patek Brothers, and that plaintiff is estopped to make the claim set forth in the complaint, and was guilty of laches."

Sec. 263.27, Stats., guarantees to a pleader a liberal construction of his pleadings with a view to substantial justice between the parties.

The answer and its affirmative defenses must be read in reference to the allegations of the complaint. The *Red Star* judgment quoted in the complaint adjudged that the uses by *Red Star* and the other users which ripened into incumbrances were open, continuous, notorious, adverse, and under claim of right for the long period stated above. Defendant's separate defense alleges that plaintiff knew of such use and claim before plaintiff purchased the property and took Mrs. John's deed.

The principle which we consider decisive here was stated in *Chandler v. Gault* (1923), 181 Wis. 5, 12, 194 N. W. 33:

"That an easement is an incumbrance, of course cannot be denied; but where it is open, obvious, and notorious, it is not such an incumbrance as constitutes a defect upon the vendor's title; nor can the purchaser under a warranty deed with full covenants maintain an action for breach of the covenants of seizin and against incumbrances by reason of the existence of such an easement."

Pulling together the allegations of the complaint and the answer and the affirmative defenses set up by it, we find pleadings that there existed a use, open, notorious, continuous, adverse to plaintiff, and under claim of right, all known to plaintiff antedating plaintiff's purchase. Under such circumstances the purchaser cannot maintain an action for the breach of the covenants of seizin and against the incumbrance now complained of.

When there is a demurrer for consideration the court is not concerned with the abilities of the parties to prove the truth of the facts alleged in their pleadings. The demurrer admits for the time being the well-pleaded facts. In our view the defendant's allegations in its answer have stated a defense. The demurrer should have been overruled.

*By the Court.*—Appeal from the order of summary judgment dismissed; appeal from the order sustaining the demurrer to the answer reversed. Cause remanded for further proceedings not inconsistent with this opinion. Parties shall pay their own costs in this court.

HALLOWS, J., took no part.