LEASE, Appellant, v. ZARNDT and wife, and others, Respondents.

*No. 251. Argued February 5, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 145.)

For the appellant there were briefs by *McBurney & McBurney* and *Carlyle H. Whipple,* all of Madison, and oral argument by *Mr. Whipple.*

For the respondents there was a brief and oral argument by *Max H. Klein* of Middleton.

CONNOR T. HANSEN, J. The plaintiff purchased certain real estate from the defendants, Frank and May Sawle, on May 12, 1964, including a parcel 40 feet in width, formally known as McKinley street, which extends to the shore of Lake Mendota and lies east of an alley and north of another parcel purchased by plaintiff.

The defendants, Sawles, had purchased the property in 1958 from the defendants, Fred and Ella Zarndt. There is a deed restriction relating to the vacated McKinley street which appeared in prior warranty deeds conveying this property, dating back to 1922, but did not appear as an exception to the warranties in either the deed from Zarndts to Sawles or in the deed from Sawles to the plaintiff.

The deed restriction states:

"That said portion formally constituting McKinley Street shall not be used for building purposes in any way, and no structure of any sort shall be erected thereon and the owner of any lot in Middleton Beach shall at all times have the right to cross the same for the purposes of gaining access to the Lake."

As a result of a suit filed against the plaintiff herein in Dane county circuit court, judgment was entered on

December 18, 1967, adjudging that a certain boathouse company had a prescriptive easement for the purpose of ingress and egress to its property across the vacated McKinley street; the plaintiff herein was permanently enjoined from interfering with the rights created by the deed restriction; and that the owner of the first lot south of the property purchased by the plaintiff had acquired title to three feet of the vacated street by adverse possession and had a prescriptive easement for purposes of gaining access to Lake Mendota.

After entry of the foregoing judgment, plaintiff commenced this action. Plaintiff alleges that the aforementioned judgment constituted a breach of the warranties of title in the Sawles' and Zarndts' deeds and reduced the value of the property by $12,000 because of: The prescriptive easement of the boathouse company, the loss of the southerly three feet to an adjacent property owner by adverse possession, the no building and structures covenant that did not appear in the Sawles' and Zarndts' deeds, and the prescriptive easement across the vacated McKinley street awarded the adjacent property owner.

The defendants answered with affirmative defenses that the plaintiff "knew or should have known" of the prescriptive easements and rights of other persons in the subdivision to enforce the covenant. Plaintiff's demurrer to the affirmative defenses was sustained on the ground that the defenses were based on information and belief rather than actual knowledge.

Defendants were permitted to amend their answer and did so alleging that plaintiff "fully knew" of the encumbrances against the property in question at the time the purchase was negotiated and that such facts were taken into consideration in arriving at the amount of the purchase price.

The affirmative defenses alleged by the defendants in the amended answer are as follows:

"1. The defendants allege that before the plaintiffs made their contract of purchase with and accepted the

deed of conveyance from the Sawles, they fully knew that Middleton Boathouse Co. had a prescriptive easement for the purpose of ingress and egress to its property across vacated McKinley Street deeded by the Sawles to the plaintiffs herein, and such knowledge was considered by the plaintiffs, and the Sawles in determining the amount of the purchase price.

"2. The defendants allege that before the plaintiffs made their contract of purchase with and accepted the deed of conveyance from the Sawles, they fully knew that the owners of lots in the Middleton Beach Subdivision (located in Section 12, Town 7 North range 8 East Dane County, Wisconsin) could enforce the restrictions on McKinley Street stated in paragraph eight of the complaint and that if so enforced, said plaintiffs would be permanently enjoined from interfering with the rights created by paragraph eight of the complaint relative to the Middleton Beach Subdivision lot owners and such knowledge was considered by the plaintiffs and the Sawles in determining the amount of the purchase price.

"3. The defendants alleged that before the plaintiffs made their contract of purchase with and accepted the deed of conveyance from the Sawles, they fully knew that Frank L. Pierstorff, the owner of Lot Thirteen (13) Block Three (3) of the Middleton Beach Subdivision, the first lot south of said deeded and vacated McKinley Street, claimed title to the southerly three (3) feet of said street by adverse possession and claimed a prescriptive easement over said vacated street to Lake Mendota for the purpose of launching his boat and gaining access to said Lake, and such knowledge was considered in determining the amount of the purchase price."

The plaintiff demurred, stating that the alleged affirmative defenses contained in the amended answer did not state a defense.

The trial court in ruling on the demurrer stated that "the *demurrer to the answer* must be overruled." (Emphasis added.)

In his brief, and in oral arguments, plaintiff contends that in Wisconsin a vendee's knowledge of "nonphysical" encumbrances affecting the title to property do not constitute a defense to a vendee's suit based upon the breach of warranty of title.

Also, on oral argument, plaintiff stated that he was appealing the ruling on the demurrer only as to the defense that appellant knew of the building restriction.

However, nowhere in the record does it indicate that the plaintiff demurred to only some of the affirmative defenses. The position advanced on appeal contradicts the statement of the case and plaintiff's notice of appeal which states that he appeals "from the whole of the order dismissing the plaintiff's demurrer."

The plaintiff can demur to the whole answer, or to any alleged defense therein, sec. 263.17, Stats. However, in this case the plaintiff chose to demur to all the affirmative defenses raised, and an appeal cannot challenge the demurrer as to one particular affirmative defense. The trial court passed upon a demurrer to all the alleged defenses and not upon a demurrer to any particular defenses alleged by the defendants.

"On demurrer, an answer, like other pleadings, is to be liberally construed with a view to substantial justice between the parties (sec. 263.27, Stats.), doubts are to be resolved in its favor where it is uncertain and ambiguous, and it is entitled to all reasonable inferences that can be drawn from the facts pleaded. . . . It is not necessary that the answer state facts showing that no part of plaintiff's claim is valid and that nothing is due from defendant to plaintiff; *it is not subject to general demurrer if it states even a partial defense.*" (Emphasis added.) *Boek v. Wagner* (1957), 1 Wis. 2d 337, 342, 83 N. W. 2d 916.

We conclude that the defendants have, at the very least, raised a partial defense by alleging plaintiff's knowledge of the easements. Having done so, the trial court properly overruled the demurrer of the plaintiff directed to all the affirmative defenses.

In *Taxman v. McMahan* (1963), 21 Wis. 2d 215, 124 N. W. 2d 68, the sole issue was whether three existing "right-of-way type" easements and a party wall known to the purchaser were title defects within the meaning

of a covenant against encumbrances. This court stated at 219, 220:

"Easements generally constitute incumbrances within the meaning of a covenant against incumbrances. 4 Tiffany, *Real Property* (3d ed.), p. 135, sec. 1004. . . .

"Wisconsin early recognized an exception to the foregoing rule, namely, that *an easement which is fully known to a purchaser before he makes his contract of purchase,* or which is so open, obvious, and notorious that he must have known of it, *is not an incumbrance within the meaning of such a covenant.* This exception was first announced in *Kutz v. McCune* (1868), 22 Wis. 598 (\*628)." (Emphasis added.)

We further stated at 222, 223:

"The rule enunciated in *Kutz* . . . is based on an interpretation of the covenant itself which in turn is grounded on an assumed reasonable intention of the parties, *that the parties could not have contemplated that an easement fully known to the purchaser, or which is so open, obvious, and notorious that he should have known of it,* is an incumbrance within the meaning of the covenant." (Emphasis added.)

The plaintiff also asserts that the parol evidence rule would bar any evidence pertaining to the negotiation of the parties with reference to the scope of the warranties. On demurrer the court is not concerned with whether the parties can prove their allegations at trial. *Merchandising Corp. v. Marine Nat. Exchange Bank* (1960), 12 Wis. 2d 79, 84, 106 N. W. 2d 317:

"When there is a demurrer for consideration the court is not concerned with the abilities of the parties to prove the truth of the facts alleged in their pleadings. The demurrer admits for the time being the well-pleaded facts."

The respondents assert that the demurrer to the amended answer was contrary to the provisions of sec. 263.17, Stats., which provides in part that "There shall be but a single demurrer to the answer." Our attention

is directed to *Meinshausen v. A. Gettelman Brewing Co.* (1907), 133 Wis. 95, 102, 113 N. W. 408. *Meinshausen* directs its attention to the serving of an amended complaint as it relates to the statute of limitations and is, therefore, distinguishable from the case now under consideration.

When the defendant is permitted to file an amended answer after a demurrer to the answer has been sustained, the plaintiff has a corollary right to timely file a demurrer to the amended answer if the plaintiff deems it appropriate.

*By the Court.*—Order affirmed.