## OUDENHOVEN, Respondent, v. NISHIOKA, Appellant.

*No. 139.   Argued October 4, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 920.)

504

For the appellant there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould,* and oral argument by *Robert W. Schaefer,* all of Green Bay.

For the respondent there was a brief and oral argument by *Allan Cain* of Appleton.

ROBERT W. HANSEN, J.   We deal here with the not unusual situation where an established physician employs a younger medical practitioner for a stated period of time as his associate in the practice of medicine.  Ordinarily enough, such employment agreement provides, at the option of one or either of the parties, for a partnership arrangement or continuing association after the period of employment is concluded.  Often enough, such employment agreement provides for some covenant on the part of the younger associate not to enter competitive practice in the area served by the older doctor and for some reasonable period of time.  As the trial court in its opinion observed: "This arrangement is apparently well understood in the law and is not disfavored." [1]

[1] Citing in its opinion: 6A Corbin, *Contracts,* p. 84, sec. 1393, stating: "The ordinary situation is this: a doctor takes a younger man in as partner or hires him as an assistant, the latter promising in return that when the partnership or employment ends he will not open practice for himself in competition with the promisee within a specified territory and for a stated time. A majority of these agreements are found to be reasonable and are

In the case before us, this not unusual situation, according to the complaint, took the form of a written agreement between plaintiff and defendant that . . .

. . . *was an employment contract*, the plaintiff agreeing to employ the defendant as a medical assistant for a period of six months, commencing on February 1, 1968,

. . . *"contemplated"* a *partnership* thereafter, with, however, plaintiff and defendant each given the option to refuse entry into such partnership agreement,

. . . *had a covenant not to compete*, with the defendant agreeing, in the event that he declined to enter the partnership, that he would not enter into "competitive practice" for two years in the area served by plaintiff,

. . . *had an exception to such covenant*, giving defendant the right to enter "competitive practice" after the expiration of the six months' employment if, but only if, the plaintiff declined to enter into the partnership agreement,

. . . *established a sum to be paid as liquidated damages* in the event that the defendant declined to enter into the partnership and entered "competitive practice" contrary to the covenant not to compete.

Demurrer denies that the complaint, taken as a whole, states a cause of action.[2] The proposed partnership agreement, "hereto attached and made a part of this complaint," is part of the pleading challenged by the de-

enforceable both by money damages and by injunction. Such agreements are generally advantageous to both parties, to the promisor in that he gets new professional training and experience as well as the agreed compensation in other forms."

[2] "The litmus paper by which a complaint, attacked by means of demurrer, is to be tested in Wisconsin is that demurrer fails if the complaint, liberally construed, expressly, or by reasonable inference, states any cause of action. However, in applying that test, it is to be kept in mind that '[p]leadings are intended to fairly apprise the opposing party of the matters to be tried. . . .'" *Jennaro v. Jennaro*, ante, pp. 405, 409, 190 N. W. 2d 164.

murrer here.[3] However, a demurrer based attack upon the sufficiency of a complaint may be limited to one provision or part of a complaint, and here it is. No challenge is asserted as to the employment contract as such. No claim is made that the covenant not to engage in "competitive practice" is as a matter of law unreasonable or violative of the applicable Wisconsin statute.[4] Defendant-appellant's brief claims three fatal defects in the complaint:

(1) "There was no agreement or contractual obligation of the defendant-appellant to enter into a partnership agreement, as the parties only 'contemplated' such an arrangement . . . .

(2) "It does not allege that the specific form of partnership agreement was ever attached to the employment agreement . . . nor was it alleged to be the specific form to be executed.

(3) "It presumes the parties would enter into a future agreement, the form and contents of which are unknown."

As to the first point, defendant finds in the use of the word "contemplated" no more than "an expectation" of the parties. The argument is that the parties only "intended" to further consider a partnership association after the six months' period of employment. The trial court found that there was a ". . . fair inference that there would be implicit in the language a promise to do so, . . ." meaning a promise to enter into a partnership agreement. There is authority elsewhere for such con-

---

[3] *Sedgwick v. Blanchard* (1916), 164 Wis. 421, 160 N. W. 267.

[4] Sec. 103.465, Stats., provides: "**Restrictive covenants in employment contracts.** A covenant by an assistant, servant or agent not to compete with his employer or principal during the term of the employment or agency, or thereafter, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. . . ."

clusion,[5] particularly at the demurrer stage.[6] However, we do not see even the equating of "contemplated" with "an expectation" as fatal to the complaint here. Stronger language would not be consistent with the express reservation to both plaintiff and defendant to decline to enter the contemplated or expected partnership arrangement. Under the employment contract, either the plaintiff or defendant could elect not to enter a partnership agreement, but, as to each, there were contractual consequences to exercising such right or option not to become a partner. If it was the plaintiff who declined to enter the partnership agreement, he agreed that the covenant not to compete became inoperative and the defendant could enter medical practice in the Green Bay area forthwith. If the defendant declined to enter the partnership relationship, he agreed not to enter into "competitive practice" for a period of two years in Northeastern Wisconsin and Upper Michigan. If he so declined to become a partner of plaintiff and also did engage in such "competitive practice" before the two-year period elapsed, he agreed to pay certain liquidated damages to plaintiff. The complaint does not allege and the contract does not require that either party sign the partnership agreement after the six months' employment period. This is not an action for specific performance of an agreement to become a partner, nor is it an action for damages based on

[5] *See: Western Homes v. Herbert Ketell, Inc.* (1965), 236 Cal. App. 2d 142, 145, 45 Cal. Rptr. 856, 858, stating: ". . . the words 'contemplates' and 'contemplated,' if coupled with terms in the contract which showed a degree of definiteness or certainty, may by this association gain the strength of 'agreed,' and impose an obligation." *See also: Denker v. Twentieth Century-Fox Film Corp.* (1960), 26 Misc. 2d 1035, 210 N. Y. Supp. 2d 241, 244.

[6] "When the sufficiency of a complaint is challenged by demurrer every reasonable intendment and presumption is to be made in favor of the complaint and the plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded. . . ." *Conrad v. Evans* (1955), 269 Wis. 387, 390, 69 N. W. 2d 478.

defendant's refusal to sign a partnership agreement. It is an action for liquidated damages provided for in an employment contract in the event that the defendant entered "competitive practice" with the plaintiff after exercising the option given defendant to refuse to enter a "contemplated" partnership agreement following his six months of employment by plaintiff. The challenge on this score fails.

The second and third basis for attack appear based on a charge that the complaint does not specifically allege that the partnership form agreement was in existence at the time of the signing of the employment contract and on the claim that the complaint does not specifically allege that the partnership agreement form attached to the complaint is the same as is referred to in the employment contract. On this phase of the case, the trial court found that, "The proposed partnership agreement attached to the complaint seems to be complete and specific enough. . . ." This certainly appears to be the case. The employment contract refers to a specific partnership agreement form and states that it is "attached hereto as Exhibit A." It appears entirely reasonable to infer, as the trial court did, that the form attached to the complaint is the form referred to in the employment contract. Defendant calls attention to an unsuccessful attempt on the part of plaintiff to amend the complaint by substituting a different partnership agreement form for the one attached to the complaint. There is no way and no need to predict what trial will establish on this point.[7] What intended or contemplated partnership agreement the parties had in mind or agreed upon, subject to the right of either to decline entry into partnership, is for the trial to establish. Tested by demurrer the complaint

---

[7] "On demurrer the court is not concerned with whether the parties can prove their allegations at trial. . . ." *Lease v. Zarndt* (1969), 41 Wis. 2d 667, 674, 165 N. W. 2d 145.

adequately apprises defendant of the employment contract, the covenant not to compete and the partnership agreement form upon which plaintiff's case rests—it does state a cause of action.

*By the Court.*—Order affirmed.