JOHN D. HERRICK, RESPONDENT, v. GEORGE M. STARK-
WEATHER, IDA M. STARKWEATHER AND GEORGE
M. STARKWEATHER, AS EXECUTORS OF THE LAST WILL AND
TESTAMENT OF LOVINA E. STARKWEATHER, DECEASED,
APPELLANTS.

*Agreement to board and care for a grantor of real property in consideration of a conveyance thereof — remedy for a breach thereof — what constitutes a breach.*

In an action brought to set aside a conveyance of real estate in the village of Worcester, by the plaintiff to his daughter, Lovina E. Starkweather, it appeared that the deed contained a recital of a consideration of the sum of $500, whereas no money consideration passed or was intended to pass between the parties. The daughter removed from the premises on April 1, 1884, and rented them to one Seeley, and thereafter continued to reside at Decatur, at a distance of about five miles from Worcester, until her death in 1886. During one-half of the two years prior to April 1, 1884, the plaintiff resided on the premises with, and was supported and cared for by, the said Lovina E. Starkweather.

The judge found as a fact that neither Lovina nor George M. Starkweather, her husband, ever refused to allow the plaintiff to live with them or in their family, but were willing to receive him; that at the time of the said conveyance from the plaintiff to Lovina it was understood between her and her husband and the plaintiff that he, the plaintiff, would continue to live with them and have a home in their family, as he had theretofore, since the death of his wife, whenever he desired to do so.

The court found, as conclusion of law, that the deed should be reformed by striking out the sum of $500 and inserting as the true consideration the oral agreement of Lovina E. Starkweather to support and care for the said plaintiff " on the premises described in the said deed one-half of the time as long as he should live," and that the plaintiff was entitled to have the deed surrendered and the record thereof canceled and annulled, and to have the immediate possession of the said premises described in the said deed.

No fraud or mistake was found to exist in respect to the deed in question, nor in respect to its execution and delivery.

*Held,* that the evidence did not warrant a conclusion that there was a mistake, in fact, on the part of the parties to the deed.

That, assuming that there was a parol agreement, as found by the trial judge, that the grantee was to care for, support and furnish a home for the plaintiff for one-half of the time, during the remainder of his life, as a consideration of the conveyance of the premises in question, and that that agreement was carried out for two years, and thereafter was not observed and carried out in its exact tenor and spirit, yet the breach thereof did not furnish a sufficient ground for canceling and annulling the deed.

That as the deed was delivered without any consideration attached to the delivery, and the oral agreement, as appeared in the findings, contained nothing to indicate that the full observance of its provisions was made a condition precedent to the taking effect of the conveyance, the failure to perform that agreement could not be relied upon as a breach of condition which would annul the deed, and would only supply the legal ground for an action for damages for a non-performance of so much of the agreement.

*Bolen* v. *Bolen* (44 Hun, 362); *Quick* v. *Stuyvesant* (2 Paige, 84); *McHenry* v. *Hazard* (45 N. Y., 580) distinguished.

That the plaintiff having, in accordance with the agreement, enjoyed the privileges thereof for two years on the premises, and having subsequently received, or been offered, a fulfillment thereof by the daughter and her husband, and having himself consented to a modification thereof by receiving a fulfillment at the home of the daughter at another place; that there had been such a part performance of the agreement as to take it out of the statute of frauds, and that the plaintiff would be entitled, upon satisfying the court by clear evidence that such an arrangement was made, to a specific performance thereof, and that if for any reason a specific performance could not be had, to such damages as he might sustain by reason of a breach thereof.

That the judgment should be reversed and a new trial be ordered, costs to abide the event.

APPEAL by the defendants from a judgment, rendered upon a trial by the court without a jury, at a Special Term held in Otsego county, which judgment was entered in the office of the clerk of the county of Otsego on the 8th day of November, 1888.

Prior to the 9th day of December, 1880, the plaintiff was seized in fee of the premises described in the complaint consisting of a house and lot in the village of Worcester of the value of some $1,800. Plaintiff was a widower, his wife having died in 1876. He had two children then living, Lovina E. Starkweather and Alonzo Herrick; and he had subsequent to the death of his wife made his home part of the time with his son and part of the time with his daughter; and he continued so to do until the death of his daughter which occurred on the 2d day of May, 1886. She left a last will and testa-

ment, which was duly admitted to probate, wherein she devised her real estate to her husband for life, the remainder over in fee to her adopted daughter, Ida M. Starkweather. On the 9th day of December, 1880, the plaintiff duly acknowledged and delivered to his daughter Lovina E. Starkweather a warranty deed of the house and lot; being the premises as described in the complaint. The deed contained a recital of a consideration in the following words : " Witnesseth, that the party of the first part, in the consideration of the sum of five hundred dollars ($500) to him duly paid, has sold and by these presents do grant and convey to the party of the second part, heirs or assigns, all the following described piece or parcel of land," etc. No money consideration, in fact, passed between the parties at the time of the execution of the deed, nor is there any evidence that any was agreed upon other than such evidence as is furnished by the terms of the deed which we have just quoted. The daughter removed from the premises April 1, 1884, and rented them to one Seeley, and she removed to Decatur, a distance of five miles from Worcester, where she continued to reside until her death. The daughter occupied the premises in question " for about two years continuously prior to the 1st day of April, 1884 ; during which two years the plaintiff resided on said premises with the said Lovina E. Starkweather one-half of the time, during which one-half of said two years she supported and cared for him and provided him with a home on said premises."

It was found as a fact, by the trial judge, " that neither said Lovina nor said George M. Starkweather has ever refused to allow the plaintiff to live with them or in their family whenever he desired so to do."

The court also found: " That said George M. Starkweather is willing to receive the plaintiff in his family at any time during the lifetime of him, the said plaintiff." Also found, "that at the time of said conveyance from the said plaintiff to the said Lovina, it was understood between her and her said husband and the said plaintiff, that he, the said plaintiff, would continue to live with them and have a home in their family, as he had theretofore and since the death of his wife, and whenever he desired to do so."

The courts found as conclusions of law, viz. :

"(1.) That the plaintiff is entitled to have the deed of the premises in question reformed by striking out the five hundred dollars

stated therein as the consideration and inserting the true consideration, viz. : The oral agreement of Lovina E. Starkweather to support and care for said plaintiff on the premises described in said deed one-half of the time as long as he should live.

" (2.) That the plaintiff is entitled to have the deed set forth in the sixteenth finding of fact surrendered up to him.

" (3.) That plaintiff is entitled to have the said deed and the records thereof canceled and annulled.

" (4.) That plaintiff is entitled to the immediate possession of the said premises described in said deed.

" (5.) That plaintiff is entitled to the costs of this action."

*Edick & Smith,* for the appellants.

*J. B. Holmes,* for the respondent.

HARDIN, P. J. :

In the complaint no allegations of fraud or mistake are found in respect to the deed in question ; nor does the evidence indicate, or the findings of fact present, any mistake or fraud in respect to the execution and delivery of the deed of the premises in question.

In Story's Equity Jurisprudence, in laying down the rule for guidance of courts of equity in setting aside, canceling and directing to be delivered up agreements and other instruments, it is said in section 695 (1 Story's Equity Jurisprudence) that the court will so do :

" (1.) Where there is actual fraud in the party defendant, in which the party plaintiff has not participated.

" (2.) Where there is a constructive fraud against public policy, and the party plaintiff has not participated therein.

" (3.) Where there is a fraud against public policy, and the party plaintiff has participated therein, but public policy would be defeated by allowing it to stand ; and lastly, where there is a constructive fraud by both parties, but they are not *in pari delicto.*"

In *Stoddard* v. *Hart* (23 N. Y., 562), it is said : " If a writing does not truly express the agreement of the parties ; if anything was omitted which was agreed to be inserted ; or if anything be inserted contrary to their intention, equity will relieve against the mistake by reforming the contract." In that case it was " not pretended that this understanding was to be expressed in any form of writing ; "

and it was, therefore, held that equity will not "reform the writing to make an agreement of a different effect from that which the parties intentionally entered into."

In *Nevius* v. *Dunlap* (33 N. Y., 676), it was held that: "To entitle a party to a decree of a court of equity reforming a written instrument, he must show, first, a plain mistake clearly made out by satisfactory proofs. He must also show that the part omitted or inserted in the instrument was omitted or inserted contrary to the intent of both parties, and under a mutual mistake."

In *Mills* v. *Lewis* (37 How. Pr., 422), it was said: "An instrument cannot be reformed on the ground of mistake by one of the parties to it. It must be a case of mutual mistake by both parties, where there is no question of fraud involved, to authorize a reformation of the alleged mistake." This doctrine was stated in *Story* v. *Conger* (36 N. Y., 676), the language of the court was, viz.: "No fraud, however, is suggested, nor is it alleged that a mutual mistake existed on the point in question. One of these allegations is indispensable in a complaint asking for a reformation of the contract."

In *Wilson* v. *Deen* (74 N. Y., 536), RAPALLO, J., in speaking of this rule, says: "The current of our authorities sustains the proposition that, both at law and in equity, one who sets his hand and seal to a written instrument, knowing its contents, cannot be permitted to set up that he did so in reliance upon some verbal stipulation, made at the time, relating to the same subject, and qualifying or varying the instrument which he thus signs. * * * It is only when through fraud or mistake a party has executed an instrument which he believes to be in accordance with the real agreement, but which is, in fact, different, that equity will relieve; and even then the mistake, as well as the agreement, must be made out by clear proof." So far as the plaintiff's case rests upon a reformation of the deed, we think it must fail.

*First.* The complaint neither alleges a mistake or fraud.

*Second.* The findings of the court do not present a case of mistake of fact or fraud in fact.

*Third.* The evidence, when carefully examined and considered, does not warrant a conclusion that there was a mistake, in fact, on the part of the parties to the deed, or that there was any fraudulent practice which led to its execution, on the contrary it appears

that the intention of the grantor was to transfer the legal title to the property to the grantee. The ordinary and apt words of a warranty deed were used for such a purpose, and at the time of the execution of the deed the grantor declared his intention to vest the legal title in the grantee, and the testimony of Cipperly, the magistrate, who witnessed the execution of the deed, and took the acknowledgment thereof, supports the inferences and intendments to be drawn from an inspection of the deed itself, he says: "When I got into the house the deed was shown to me. There was no consideration expressed in the deed. I told them it was necessary to have some consideration in it I thought. The old man replied: 'Well, I don't know as it is very particular how much, as he was giving it to his daughter. He had given one house and lot to his son, and he was going to give this to her,' and finally decided to put in $500 as the consideration. He directed me to put that in and I put it in, and then took the acknowledgment."

This evidence is not contradicted, and the strength of it is increased by the circumstance that the plaintiff, though present at the trial, was not sworn as a witness to contradict it. (*Rider* v. *Miller*, 86 N. Y., 510.) We think a proper case for reformation of the deed was not made out, and that the conclusion of law directing a reformation of the deed was erroneous, and the exception thereto well taken.

Ought the deed to have been canceled and set aside? In considering this question we must bear in mind that the complaint does not contain any averments of fraud, in fact, on the part of the grantee in obtaining the deed; nor is she charged with undue influence, or any other improper practices, to induce the execution and delivery of the deed to her. If we assume that there was a parol agreement, as found by the trial judge, that the grantee was to care for, support and furnish a home for the plaintiff one-half of the time during the remainder of his natural life, as a consideration for the premises in question, and that that agreement was carried out for two years, and afterwards it was not observed and carried out in its exact tenor and spirit, yet the breach thereof does not furnish a sufficient ground for canceling and annulling the deed. By the terms of that agreement, as found by the trial judge, its observance was not to begin until after the execution and delivery of the deed, and the perform-

ance thereof was entered upon by the grantee, and the plaintiff enjoyed the performance of it for a period of two years or more, and apparently thereafter ·waived a strict performance of it, and for a time accepted a modified performance by receiving the care, attention and home in the family of the grantee after she had left the premises in question.

The omission to perform the oral stipulation or agreement is not sufficient ground to set aside the deed, as there was no mistake of fact or fraud. The deed was delivered without any condition attached to the delivery, and the oral agreement, as appears in the findings, contains nothing to indicate that its full observance and completion were made a condition precedent to the taking effect of the conveyance. (*Wilson* v. *Deen, supra; De Kay* v. *Bliss,* 4 N. Y. St. Rep., 735.) In the case just cited it was said, viz.: "And when that is the nature of the agreement entered into, and the act is not to precede the conveyance itself, the failure to perform the stipulation cannot be relied upon as a condition to annul that conveyance, but it will supply the legal ground work for an action for damages for the non-performance of so much of the agreement."

The respondent calls our attention to *Bolen* v. *Bolen* (44 Hun, 362), and insists that it aids him in supporting the judgment in this case. We think otherwise. There the condition upon which the bond and mortgage were given was that the wife and son should return to the husband. The wife refused to permit the return of the son, and it was held that there had been a failure of the consideration of the mortgage.

This case differs very much from *Quick* v. *Stuyvesant* (2 Paige, 84), referred to by the counsel for the respondent. That was one where the land was conveyed for the purposes of opening a street, and there was no other consideration for it than the benefit which the grantor was to derive from the opening of this street; and by subsequent events beyond control of both parties the street could not be opened, and a reconveyance of the land was decreed in equity. Nor do we think the case of *McHenry* v. *Hazard* (45 N. Y., 580) aids the respondent. That case upholds the power of a court of equity to order a surrender and cancellation of written instruments obtained by fraud or held for inequitable and unconscientious purposes. We are of the opinion that neither the evidence in the case nor the

findings made thereon sustain the conclusion of law to the effect that the deed should be given up and canceled.

(3.) Assuming that a parol agreement was made that the plaintiff should have a home for one-half of the time during the remainder of his natural life with his daughter, and that arrangement was made contemporaneous with the execution and delivery of the deed, and that she received the deed with the promise to carry out that agreement, and furnished no other consideration to the plaintiff for the deed; and that the plaintiff, in accordance with that agreement, enjoyed the privileges thereof for two years on the premises, and subsequently received or was offered a fulfillment thereof by the daughter and her husband, having himself consented to a modification thereof by receiving fulfillment at the home of a daughter at another place than the premises in question, we think there had been such a part performance of the agreement as to take it out of the statute of frauds; and the plaintiff would be entitled, upon satisfying the court by clear evidence that such an arrangement was made, to a specific performance thereof; and if for any reason a specific performance cannot be had, to such damages as he sustains by reason of a breach thereof.

Inasmuch as this is in the nature of a purchase-price or consideration for the premises which he had voluntarily conveyed to his daughter, we see no reason why, as against her, the same may not be enforced, and as against the premises while held by her husband and daughter under her will, with the like force and effect that might be given to a vendor's lien for purchase-money unpaid. Neither the husband nor the daughter Ida, in virtue of the will of Lovina, the daughter of the plaintiff, have any better title or interest in the land than Lovina possessed at the time of her death. There was considerable evidence given upon the trial tending to show that the conveyance was made for the purpose of effectuating a gift of the premises. The trial judge refused so to find, however. If the parol promise was made to support the plaintiff one-half of the time, as stated in the complaint and in the findings, as a consideration for the premises, we think that a court of equity has jurisdiction to enforce the same, or if, for any reason, the same cannot be specifically enforced by reason of the changed situation of the parties, it may award damages for a breach thereof and declare the same a lien

upon the premises in question; hence we do not agree with the position of the defendant that in the event of such an agreement being found the sole remedy of the plaintiff is an action at law for a breach of such an agreement to recover damages. (*Hammond* v. *Cockle*, 2 Hun, 496.)

However, as the views we have already expressed lead to a new trial, we forbear further comment upon the merits of the case, as upon a new trial further evidence may be given in respect thereto by either side.

The judgment should be reversed on the exceptions, and a new trial ordered, with costs to abide the event.

MARTIN and MERWIN, JJ., concurred.

Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event.