KEZIA PATTERSON, Appellee, v. HENRY S. PATTERSON, Appellant.

Deed: CARE AND MAINTENANCE AS CONSIDERATION: RESCISSION. The plaintiff, a woman of sixty-two years of age, and in infirm health, conveyed to defendant, her son, by quitclaim deed, eighty-five acres of land, valued at six thousand dollars, in consideration of "future maintenance and care." The defendant moved upon the land, and made certain improvements and repairs, which were largely paid for out of the proceeds of the farm. After four or five months the parties disagreed, and, upon plaintiff's direction and demand, the defendant removed from the premises. *Held*, that the contract was to be construed as binding the defendant to give to the plaintiff such care and attention as her age and infirmities demanded for her comfort, which included not only physical comforts, but gentleness, indulgence and friendly words of encouragement; and that defendant, having failed to care for the plaintiff in accord with this requirement, had violated his contract as expressed in said deed; and, by his withdrawal from the premises, having shown his determination to continue in its violation, a decree setting aside the conveyance was proper.

*Appeal from Linn District Court.*—HON. JAMES D. GRIFFIN, Judge.

FRIDAY, JANUARY 23, 1891.

ACTION in chancery to annul and set aside a deed for land made by plaintiff to defendant. There was a decree granting the relief prayed for by plaintiff. The defendant appeals.

*Davis & Voris*, for appellant.

*Thompson & Lanning*, for appellee.

BECK, C. J.—I.   This is one of those often recur- ring cases in which aged and infirm parents, burdened with care of their farms, which, on account of their infirmities, they are incapable of managing, convey them to a son or daughter, or other relative, in consideration of care and support for the remainder of their days. This case, like all the great number that have reached this court, discloses discontent of the parent, and fail- ure to perform his obligations on the part of grantee of plaintiff, resulting in unseemly litigation between mother and son.   It would appear that frequency of litigation of this character would warn aged and infirm persons to retain the title and possession of their property, rather than convey it to children or kin to secure sup- port.   If contracts of this kind are necessary to secure support for the property-owners, in many cases they had better be made with strangers than with relatives.

II.   The plaintiff was a woman sixty-two years of age, and in infirm health.   She had lived apart from her husband fifteen years or more, being left in charge of a family of seven children, some of them of tender years. The defendant is one of those children, and at the time of the separation of his parents was about twelve years of age.   The plaintiff owned eighty-five acres of land, of the value of about six thousand dollars, and some other property.   She conveyed the land to defendant, by a deed in the following language :

"In consideration of future maintenance and care, I, Kezia Patterson (unmarried and single), of Linn county, state of Iowa, hereby sell and convey and for- ever quitclaim unto Henry S. Patterson, of the county of Linn, and state of Iowa, the following described premises, in the county of Linn, state of Iowa, to wit: The east half of the southeast quarter of section thirty- one (31), in township 84, north, of range 6, west of fifth principal meridian ; also that certain part of the west half of the southwest quarter of section 32, in same township and range, lying west of the road running north and south through the same,—containing in all herein

conveyed eighty-five (85) acres, more or less.   The said
Kezia Patterson reserves to herself, and for her own use
and benefit, during her lifetime only, the right to have,
use and occupy all of said land herein conveyed, and all
dwelling-houses, barns and stables on said land, and all
the rents and profits of the same, to have and hold the
said premises unto the said Henry S. Patterson, his
heirs and assigns, forever, with all and singular the
appurtenances thereunto belonging, with the reserva-
tions above set forth as a lien thereon.

"Signed this twentieth day of March, A. D. 1888.
"KEZIA PATTERSON."

The plaintiff testifies that she was urged by defend-
ant to execute this deed.   This defendant denies in his
evidence, and testifies that plaintiff first proposed the
conveyance made by her.   It is not denied that defend-
ant undertook, in consideration of the conveyance, to
care for and maintain plaintiff.   He moved upon the
farm in controversy, and made certain improvements
and repairs, which were largely paid for out of the pro-
ceeds of the farm.   After four or five months, the parties
disagreed, and, upon plaintiff's direction and demand,
defendant removed from the premises.   Under the con-
tract between the parties, defendant was to care for and
maintain plaintiff upon the farm.

III.   We conclude from the evidence that defend-
ant failed to give plaintiff the care demanded by her age
and condition of health, which his contract required.
The law will construe the contract to bind defendant to
give such care and attention to plaintiff as her age and
infirmities demanded for her comfort.   She was advanced
in age and in ill health.   She required not only physi-
cal comforts, but gentleness, indulgence and friendly
words of encouragement, which not only filial duties
demand that a son should bestow upon a mother, but
common humanity demands one human being shall
extend to another afflicted as plaintiff was.   The defend-
ant, in failing to care for his mother in accord with this
requirement of filial duty and of humanity, violated the
contract, thus failing to render the very consideration

of the deed. His withdrawal from plaintiff's house, where he was under the contract, as admitted in his answer, to bestow care upon plaintiff, shows his determination to continue in its violation. This failure to perform the contract which is the consideration of the deed is a sufficient ground to support the decree of the district court setting it aside. Equity will not permit a party to enjoy the fruits of contract when he deliberately refuses to perform the obligations imposed upon him therein. Other points in the case presented by counsel need not be considered, as we think, on the ground we have stated, the decree of the district court ought to be AFFIRMED.