## MORTON et al. v. ROBERTS et al.

No. 11629—Opinion Filed Feb. 27, 1923.

(Syllabus.)

1. Appeal and Error—Separate Findings of Fact—Insufficiency—Reversal.

Where the trial court as a part of the judgment makes separate findings of fact, and such findings are insufficient to support a portion of the judgment, such portion of the decision is against the law, and will be reversed.

2. Vendor and Purchaser—Fraud—Innocent Purchasers.

Where a grantor has been induced by fraud to part with the legal title to his property, he cannot reclaim it from a subsequent innocent purchaser for value.

3. Same—Burden of Proof.

Where a conveyance of real estate has been procured by fraud, a subsequent purchaser thereof has the burden of proving he is a bona fide purchaser for value of such property.

4. Deeds—Cancellation—Gross Inadequacy of Consideration.

Ordinarily mere inadequacy of consideration is not sufficient ground, in itself, to justify a court in canceling a deed, yet when the inadequacy is so gross as to amount to fraud, or in the absence of other circumstances, to shock the conscience and furnish satisfactory and decisive evidence of fraud, it will be sufficient ground for canceling a conveyance.

### 5. Same—Insufficiency of Evidence.

Evidence examined, and held not to show that the consideration for the purchase of the lands was so inadequate as to amount to fraud or to show such inadequacy of consideration coupled with other circumstances as to shock the conscience.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Cornelius Roberts against William P. Morton and others to cancel mortgages and deeds. Judgment for plaintiff, and Morton et al. bring error. Affirmed in part and reversed in part.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiffs in error.

A. E. Graham and W. A. Barnett, for defendants in error.

COCHRAN, J. This action was instituted by Cornelius Roberts for the cancellation of certain deeds and mortgages executed by him on lands belonging to him located in McIntosh and Okmulgee counties. Judgment was rendered for the plaintiff against William P. Morton and John F. Hayden, canceling conveyances under which they claimed title to said property. Parties will be referred to herein as plaintiff and defendants, as they appeared in the lower court.

At the time the suit was filed the record title to all the property was in John F. Hayden. He claimed title to the land in McIntosh county under a warranty deed executed by Cornelius Roberts and wife to William P. Morton, dated July 13, 1918, and warranty deed from William P. Morton to John F. Hayden, dated June 23, 1919; and to the lands in Okmulgee county by warranty deed from Cornelius Roberts and wife to John F. Hayden on September 25, 1918. In his petition, plaintiff alleged that when he attained the age of 21 years the Creek national attorney instituted proceedings in the county court of McIntosh county to have him declared an incompetent; that thereafter these proceedings were dismissed and Riley Cleveland was appointed trustee of the estate of Cornelius Roberts by the district court of McIntosh county. Cornelius Roberts then executed a deed to Riley Cleveland conveying to him as trustee all of the real estate involved in this suit. It is then alleged that Riley Cleveland, Willie Perkins, William P. Morton, and John F. Hayden entered into a conspiracy to defraud the plaintiff out of his land and that the deeds under which defendants claim were procured under false and fraudulent representations and conduct of said parties. The defendant John F. Hayden answered

that he purchased the lands in Okmulgee county from Cornelius Roberts for a consideration of $9,500 and denies all of the allegations of fraud, and alleges, further, that he was an innocent purchaser of said land for valuable consideration without any notice of any fraud being perpetrated by Riley Cleveland and others, if in fact such fraud was perpetrated.

The trial court made specific findings of fact in which it found that Riley Cleveland and William P. Morton were guilty of perpetrating a fraud on Cornelius Roberts, and, by reason of fraudulent representations and threats and by reason of the confidential relation existing between Riley Cleveland and Cornelius Roberts, he was induced to execute all of the conveyances which were placed on his land, and that, instead of Cleveland protecting the property of the plaintiff as trustee, he succeeded in getting the plaintiff to convey all of his property in a few months' time, and that Morton and Cleveland received practically all of the proceeds therefrom, leaving the negro without property and without money. Having reached the conclusion that Cleveland and Morton conspired together and did defraud the plaintiff out of his property, the court then makes the finding in regard to the defendant John F. Hayden, and finds that Hayden was aware of the fact that the trust deed from Cornelius Roberts to Riley Cleveland was on record at the time conveyances were executed under which he, Hayden, claims title; that he was aware that Cleveland was acting for Roberts as trustee, and that at the time of the purchase of the land in Okmulgee county there were mortgages against said property, placed thereon by Roberts, amounting to $5,675, and that Hayden paid these mortgages out of the purchase price agreed to be paid to Roberts without making inquiry as to whether the mortgages were bona fide mortgages; and the court further finds that the mortgages which were so paid had been executed without consideration and were fraudulent, and that the deed executed to William P. Morton to the lands in McIntosh county and the deed executed to Hayden to the lands in Okmulgee county were secured without payment of adequate consideration and were fraudulently secured.

The findings of the trial court as to the fraudulent transaction of Cleveland and Morton are amply supported by the evidence, and in considering the judgment rendered against the defendant Hayden we will accept the findings of the trial court that the deed from Roberts to Morton to the lands

in McIntosh county was fraudulently procured. The material question, then, is in regard to the part Hayden played, if any, in the fraudulent transaction, or, if he did not participate in the transaction, the knowledge he had thereof at the time he purchased the property. There is no finding by the trial court, and it is not contended in the brief of the plaintiff that Hayden entered into a conspiracy with Cleveland and Morton, or that he practiced any actual fraud on the plaintiff. As to the lands in Okmulgee county, the court found that Hayden had knowledge of the trust deed executed by Roberts to Cleveland and that Cleveland was acting as the trustee for Roberts in making the sale of the property, and concludes that such knowledge was sufficient to place Hayden upon inquiry in regard to various transactions which had taken place between Cleveland and Roberts. We cannot agree with this conclusion. The most that can be said of the existence of the trust deed as notice is that it would place Hayden upon notice as to the competency of Roberts to make a conveyance, and, as the conveyance was not challenged on that ground, that question is immaterial here. The fact that Cleveland was acting as trustee for Roberts in making the transaction would in itself be no notice to Hayden of any fraudulent actions on the part of Cleveland toward the plaintiff, neither would it be sufficient to put him upon inquiry in regard thereto. The plaintiff and Cleveland were both present and participated in the transaction by which the land was conveyed to Hayden, and, under such circumstances, the existence of the trust deed and the fact that Cleveland was acting as trustee in the transaction cannot be considered sufficient to have placed Hayden upon inquiry as to the fraudulent transaction between Cleveland and Roberts. At the time this property was purchased by Hayden, there were mortgages on said property amounting to $5,675. Hayden assumed the payment of these amounts, a draft being drawn by the holder of the notes and paid by Hayden. The court found that these mortgages were fraudulently procured from Cornelius Roberts, but they had passed out of the hands of the original payee, and at the time Hayden purchased the property he assumed the payment of the notes and did actually pay the same in compliance with his agreement. There was nothing in this transaction to cause Hayden to make inquiry as to the validity of the notes, as they were record incumbrances which he agreed to pay as part of the purchase price, and did actually pay.

The plaintiff contends that he is entitled to recover because the consideration paid for this property was grossly inadequate. In support of this contention plaintiff relies upon Baker et al. v. Wiseman et al., 51 Okla. 645, 151 Pac. 1047; Bruner et ux. v. Cobb et al., 37 Okla. 228, 131 Pac. 165; Clayton et al. v. Oberlander et al., 59 Okla. 35, 157 Pac. 929.

The trial court made no finding as to the value of the land in Okmulgee county. The testimony shows that this land had some small oil wells on it, which, at the time of the sale, were making about 27 barrels of oil per day, seven-eighths of which went to the person who was operating the lease and the remainder to the owner of the land, which made three and three-eighths barrels per day to the royalty interest, and that the oil interests in land were selling on a basis of about $2,000 per barrel. The only other valuation placed on the land was by a former guardian of Cornelius Roberts, who testified that this property was worth about $25,000. The question of constructive fraud on account of alleged inadequacy of consideration and inability of plaintiff to deal with purchaser on an equal footing is nor within the pleadings in this case, as the fraud relied upon was actual fraud perpetrated by Cleveland, Perkins, Morton, and Hayden. Had this question been within the pleadings, however, the facts in the case are not sufficient to bring the case within the rule announced in the foregoing cases. It cannot be said that the inadequacy of the consideration, coupled with other circumstances, was such as to shock the conscience and furnish satisfactory and decisive evidence of fraud so far as the defendant Hayden is concerned, and we are of the opinion that plaintiff was not entitled to have the deed to the lands in Okmulgee county canceled.

As to the lands in McIntosh county, the pleadings allege that the same were purchased by John F. Hayden on June 3, 1919, for a consideration of $16,000, but there is no testimony that any part of this consideration was paid by Hayden. We have not only examined the brief of the plaintiffs in error, but also the record, and fail to find evidence showing that Hayden was a purchaser of this land for value. Having reached the conclusion that the finding of the trial court as to fraudulent procurement of the deed to this land by William P. Morton is supported by the evidence, before

Hayden could be protected on his purchase of said property as a bona fide purchaser, he must show a purchase thereof for value. Adams Oil & Gas Co. v. Hudson, 55 Okla. 386, 155 Pac. 220. There being no evidence to show that Hayden was a purchaser of this property for value, we are of the opinion that the judgment of the trial court as to the lands in McIntosh county should be affirmed.

It is ordered that that portion of the judgment of the trial court canceling the warranty deed from Willie Perkins and Emma Perkins, Cornelius Roberts and Pearle Roberts, dated September 25, 1918, and conveying the southwest quarter of section 29 in township 15 north of range 14 east, Okmulgee county, Okla., to John F. Hayden, recorded in book D140, at page 488, of the records of Okmulgee county, Okla., and enjoining John F. Hayden from claiming or asserting any interest in said property, is reversed, and, the cause remanded, with directions that judgment be entered in favor of defendant John F. Hayden against plaintiff Cornelius Roberts, to said lands and quieting the title of the said John F. Hayden to said lands; and it is further ordered, that the remainder of the judgment of the trial court be, and the same is hereby, in all things affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.