## LUCAS *v.* LUCAS *et al.*

No. 7607. JANUARY 22, 1931.

*J. D. Shannon, H. F. Griffin,* and *L. D. Moore,* for plaintiff.
*Stephens & Hightower* and *E. L. Stephens,* contra.

RUSSELL, C. J. Henry Lucas on August 12, 1927, executed a deed conveying to his niece, Elizabeth Lucas, for her life, and after her death to her husband, Monroe Lucas, for his life, with remainder to the children of Elizabeth Lucas, described land in Twiggs County. The consideration stated in the deed was "the natural love and affection that I, Henry Lucas, of the first part, has for his niece, Elizabeth Lucas, of the second part, and for the sum of $10." Another consideration stated in the deed was that "said Elizabeth and Monroe Lucas and their heirs are to take care of, cook and wash for" the grantor during his natural life, grantor to live as one of the family of Monroe Lucas; "that therefore under these conditions the said Henry Lucas does make as aforesaid a deed of gift to said described land." Another consideration· stated in the deed was that at the death of the grantor Elizabeth and Monroe Lucas "shall pay to the four sons of Henry Lucas 10 dollars apiece," naming the sons. The deed also contains, near the end, the following: "Now should all parties mentioned in this instrument of writing faithfully perform their obligation, this deed of gift from the 1st party to the 2nd party shall be of full force and binding."

On October 2, 1928, Henry Lucas, the grantor, filed a petition for cancellation and ejectment against Monroe Lucas, Elizabeth Lucas, Mae Lucas, and Nellie Lucas, the last two being children of Elizabeth Lucas, Nellie Lucas being a minor about eighteen years of age. This petition alleges various facts showing non-compliance on the part of Elizabeth and Monroe Lucas with the conditions in the deed as to caring for petitioner during his lifetime, a detailed statement of which is not material to the issues now before this court. Also, that Monroe Lucas and Elizabeth Lucas are insolvent, with no property which could be subjected to an obligation; that said deed was a· deed of gift based upon the condition subsequent of taking care of petitioner during the rest of his natural life and giving him a comfortable support, which condition they failed wholly to perform, so that said Elizabeth and Monroe Lucas forfeited all right to said property; that petitioner has de-

manded that they surrender possession of said land to him, but they refused to do so; that the last paragraph of the deed constitutes a conditional limitation, and provides that the deed shall not become operative to pass the title to Elizabeth Lucas if she and her husband Monroe Lucas fail to perform the obligations assumed by the acceptance of said deed; that the deed never became operative, by reason of said failure to perform, and no title passed to Monroe and Elizabeth Lucas; that said deed operates as a cloud upon petitioner's title; and that Mae Lucas and Nellie Lucas are made defendants, so that any remainder interest claimed by them under the deed can be adjudicated and determined. The prayer is for appointment of a guardian ad litem for Nellie Lucas, a minor; that the rights of all parties be determined by decree; that the deed be canceled; that petitioner recover possession of said land, etc.

The defendants demurred generally on the grounds that the petition states no cause of action, and is without equity. Also on the grounds: (3) "The petition and the deed attached show no cause of action against Mae and Nellie Lucas, they being children of Monroe and Elizabeth Lucas, grantees; that said children have a vested interest in said land, which can not be defeated by reason of a failure on part of Monroe Lucas and Elizabeth Lucas to comply with the conditions of said deed as alleged." (4) "That the vested-remainder interest of the children of Monroe and Elizabeth Lucas can not be canceled as prayed, for the reason said children obligated to do nothing under the terms of deed, and said deed makes no conditions or requirements of said children as to care and support of Henry Lucas." (5) "That the vested-remainder interest of said children is not contingent, and is not made to depend on any compliance with conditions in said deed on their part." The court sustained the three grounds just quoted, overruling the other grounds, and the plaintiff excepted. There was no exception to the overruling of the demurrer as to Elizabeth and Henry Lucas; on the contrary it is conceded that the plaintiff is entitled to cancellation of the deed so far as these two defendants are concerned.

The only question involved, therefore, is whether the court erred in adjudging that the children of Henry and Elizabeth Lucas are entitled to hold and enjoy the remainder interest in this land,

despite the fact that the life-estate conveyed to their parents has been canceled? In other words, can a vested-remainder interest survive, which had its origin in a contract with the grantees of the life-estate upon condition, which estate has been destroyed by reason of a failure of the consideration which was an essential condition to the creation of the deed as a valid instrument? The purpose of Henry Lucas in making the deed, as we construe it, and as it evidently was construed by the lower court, was to obtain attention and support for the remainder of his natural life. At the time of the making of the deed the present defendants in error were mere children. He could not at that time contract with them or look to them for anything. If they are given any interest of any kind in the land described in the deed, whatever that interest may be, it would be a mere gratuity. It is insisted by learned counsel for the defendants that their remainder vested upon the execution and delivery of the deed; and that as these minors assumed no obligation whatever to support the grantor, the judgment, which · canceled the interest of Elizabeth and Monroe Lucas and restored to the plaintiff his grant to them, does not affect the vested rights of the defendants. It is argued that "there is nothing in the deed to Mr. and Mrs. Monroe Lucas that provides that if the children, who were by the terms of the deed made remaindermen, should in any event ever forfeit their rights as remaindermen;" that the deed did provide that Mr. and Mrs. Monroe Lucas should maintain and support the grantor, but no such provision was made as to the children; that the children took a vested remainder, and the deed did not require that the children should do anything. The cases of *Hollomon* v. *Board of Education,* 168 *Ga.* 359, 366 (147 S. E. 882), and *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (2) (131 S. E. 487, 43 A. L. R. 1045), are cited in support of the proposition that the Lucas deed did not create a conditional limitation, as there was no condition as to the children. It is true, as stated in the *Hollomon* case, that where a grant is for a named purpose only, with no words of reverter or limitation, such grant is a mere declaration of the purpose for which the land conveyed was intended to be used, and in such case there is no reverter; but this case is different altogether in its facts from the *Hollomon* case. Hollomon bought a tract of land which had on it a schoolhouse and which had been granted by Pearson to the Board of Education of

Stewart County. The consideration was $5 in hand paid. The court held that a consideration of money, no matter how small the amount, or other thing of value, no matter of how little value, evidenced a mere bargain and absolute sale. The incidental statement of the purposes for which the land was intended to be used. would not cause a reversion of the title to Pearson, who had formerly owned the land and who conveyed it to Hollomon. There was nothing in the deed to Hollomon to show that the one acre of land, perhaps in the backwoods, was worth any more than the $5 given for the acre.

In the present case the intention of the grantor was to obtain care, attention, and support for the remainder of his natural life; and whether or not for the care of some present need he demanded and accepted the $10 consideration mentioned in the deed, he buttressed his faith in the provision for his comfort for the remainder of his life, as the main consideration of his deed, upon "natural love and affection" which he felt himself and reasonably expected to be reciprocated by Elizabeth and Monroe Lucas. An estate may be created upon a condition, either express or implied, upon performance of which the estate shall commence, be enlarged, or be defeated. Code (1910), § 3716. In case there are conditions precedent, performance is required before the estate vests. Conditions subsequent may cause a forfeiture of a vested estate. Whether a deed contains conditions, and whether conditions precedent or conditions subsequent, depends upon the intention of the parties as derived from a consideration of the entire writing. As said in *Jones* v. *Williams,* 132 *Ga.* 782, 785 (64 S. E. 1081) : "No precise technical words are required to create a condition subsequent, and the construction must always be founded upon the intention of the parties as disclosed in the conveyance." Applying that rule to the facts of the case before us, we find that, following the description of the property, the deed recites: "Now another consideration is that said Elizabeth and Monroe Lucas *and his heirs* are to take care of, cook and wash for said Henry Lucas during his natural life. Hence the said Henry Lucas is to live as one of the family of the said Monroe Lucas, and that they will perform all the above duties. That they, the said Monroe Lucas and Elizabeth Lucas, thoroughly understand this obligation. That therefore, under these conditions, the said Henry Lucas does make,

as aforesaid, a deed of gift to the above-described land. That the said Henry Lucas always during his lifetime to live on said premises as he desires and wants to; and that Monroe Lucas and his wife Elizabeth Lucas understand all these obligations above described. That at the death of said Henry Lucas Elizabeth Lucas goes in full possession of this property of land." Just before the conclusion the instrument contains the following: "Now should *all parties* [italics ours] mentioned in this instrument of writing faithfully perform their obligations, this deed of gift from first party to second party shall be of full force and binding." Properly construing the deed in its entirety, it is perfectly plain that in accepting the deed and the benefits thereunder "all parties mentioned in this instrument of writing" entered into the condition subsequent, which was to care for and support the aged plaintiff during the remainder of his natural life. The instrument on its face shows no other consideration; and the provision for a reversion by failure to perform the conditions subsequent is so stated, or so necessarily implied, that there can not be a vested remainder in the estate which depends upon the life-estate which can be divested, and has been divested as in this case, unless such be treated as a contingent remainder.

If the remainder interest of Mae and Nellie Lucas is contingent upon the gift to Elizabeth and Monroe, the cancellation of the deed to Elizabeth and Monroe destroyed the remainder of Mae and Nellie. No matter what they may be called legally, the rights of the children of the parents in this case, and the surviving of such rights, are similar to the Siamese twins, in the fact that the death of the rights of one effects the decease of the other. The statement in the deed that "should all parties named in this instrument of writing faithfully perform their obligations, this deed of gift shall be of full force and binding," is equally as strong as that used in *Jones* v. *Williams,* supra, in which this court held that a deed from a grandfather to his granddaughter, which recites that the grantor, for and in consideration of work and labor done and to be done, consisting of taking care of the grantor for and during his natural life, upon the faithful performance of said duty upon her part this obligation is to be of full force and virtue, otherwise this deed to be and the above and foregoing to be null and void, the receipt whereof is hereby acknowledged, does hereby

sell and convey unto the grantee, her heirs and assigns, a certain tract of land in fee simple, conveys an estate in fee on a condition subsequent. In that case Mr. Justice Evans said: "The law inclines to construe conditions subsequent so as to render their breach remediable in damages rather than by forfeiture; but where the plain words of the grant declare that a breach of the conditions shall defeat the estate granted, there is no room for construction." The language in the deed above, so construed as a whole, can only mean that the estate granted, whether to one party or to all, was upon the condition that the grantees were to care for him during his life; and upon their failure to perform this condition, any grounds which would tend to defeat a support are avoided. As this instrument is worded, a forfeiture of the estate upon the failure of the grantees to take care of Henry Lucas constituted the terms or conditions upon which the grantor consented to accept as a condition of the grant. The language of the deed created a conditional limitation, so that the estate was never created unless the conditions as to support were complied with. The last clause in the deed provides that the deed shall be of full force and binding when the obligations set forth in the deed are faithfully performed. If, however, the terms of the deed make a condition precedent, the failure to perform the conditions defeated the title, for in that case the title would never have vested, by reason of the fact that the support had to be furnished during the grantor's life as a condition precedent. The court erred in sustaining grounds 3-5 of the demurrer.

*Judgment reversed. All the Justices concur.*