BADGETT, Ex'r, v. WELDY.

No. 31087. Sept. 14, 1943.

*141 P. 2d 88.*

J. B. Houston and J. G. Follens, both of Tulsa, for plaintiff in error.

Wesley E. Disney, John M. Wheeler, Robert W. Raynolds, and John M. Wheeler, Jr., all of Tulsa, for defendant in error.

BAYLESS, J. Fred Badgett, as executor of the estate of Albert D. Weldy, deceased, instituted an action in the district court of Tulsa county against Roy Weldy, son and grantee of the deceased, to cancel a deed given by the father to the son. Judgment was rendered for the defendant by the trial judge, and plaintiff appeals.

The first proposition presented urges that the deed executed by the father in favor of the son "was not in truth and fact the deed of the deceased." In sup-

port of this it is contended that because of the advanced age, and the physical condition of the father, and the administration of opiates to him by his physician, the father was without capacity to execute a deed on the date given in the deed. The evidence of the plaintiff discloses that the father was elderly, that he was constantly under the care of a physician during the last months of his life, and that he was given opiates from time to time; that the effect of these opiates was to render him unfit to execute instruments for varying periods of hours, and that an opiate was given him on the 16th and he executed the deed on the 17th. On the part of the defendant it was shown that the father, through the son, had an attorney for the insurance company that employed the son go to the father's home (where the son then lived). It is clear from the testimony of this attorney and his secretary, who also took the acknowledgment to the deed, that the father was in possession of his faculties, and freely and intelligently transacted the matter. The issue was equitable, and the finding of the trial judge that the deed was in fact and in truth the deed of the deceased must stand unless we can say that it is clearly against the weight of the evidence. We cannot say this, and hence deny the first proposition.

Secondly, it is argued that a deed executed in consideration of future support and maintenance is a deed based upon a condition subsequent and nothing short of actual performance by the grantee will satisfy the requirements of the law with respect thereto, and upon a breach of said condition a court of equity will set the deed aside. 12 C. J. S. 986, et seq., and cases from Minnesota and other states cited in the annotation.

We think the rule urged is contrary to that announced by this court in Bush et al. v. Bush, 142 Okla. 152, 286 P. 322. In that case an effort was made to cancel a deed given under substantially similar circumstances, where the cash consideration was not paid during lifetime and the death of the grantor followed so closely upon the giving of the deed that support and maintenance was nominal. It was said (citing Herrick v. Starkweather, 8 N.Y.S. 145):

" . . . On the question of cancellation, the court held that, since maintenance was to be furnished subsequent to the execution of the deed, and the deed was delivered without any condition attached, and that since the oral argument did not indicate that its full observance was made a condition precedent to the taking effect of the conveyance, and where the grantee thereunder began the performance of his part of the contract by furnishing the support, even if he should fail to substantially comply with his agreement to maintain, the same would not annul the conveyance; but that the promise to maintain and the beginning of the observance of such promise was a sufficient consideration."

In the case before us, the grantee made certain expenditures that were taken into account by the trial judge, and in addition it was shown that the deed made no reference to what consideration supported it other than a nominal consideration, and that the agreement to support and maintain was oral, and that the deed was delivered without expressed condition attached thereto. In addition to this, the evidence shows that defendant began to furnish support and maintenance, and the extent to which he did this or failed to do it within the reasonable expectation of the agreement is the subject of highly conflicting evidence.

Under the record before us and the rule announced in Bush et al. v. Bush, supra, we are of the opinion that the second proposition is also without merit.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.