## MOFFATT v. MOFFATT.

No. 31789.   June 5, 1945.

*159 P. 2d 531.*

W. M. Rainey and C. B. Memminger, both of Atoka, for plaintiff in error.

I. L. Cook, of Atoka, for defendant in error.

PER CURIAM. A. H. Moffatt, hereinafter called plaintiff, commenced this action to cancel a deed executed to W. R. Moffatt, the defendant. On a trial to the court without the intervention of a jury judgment was for the plaintiff and defendant appeals.

The evidence discloses that by a warranty deed dated December 1, 1942, plaintiff deded 180 acres of land owned and occupied by the plaintiff since 1909 as his homestead. He had six children, four daughters and two sons. Byrum, age 33 at the date of the trial, lived with his father on the home place. The defendant was 40 years old at the date of the trial and the plaintiff was 83 years of age. Plaintiff's wife had died several years prior to the execution of the deed.

Plaintiff testified that the defendant was to move on the place, make a home for his father, help fix it up and put it in shape to sell and divide the proceeds equally between the six children. Defendant testified that the defendant was to move on the place and divide everything "fifty-fifty." Apparently this meant that defendant's understanding was that the defendant was to move on the place and share the profits, including the profits from the cattle and hogs, equally with Byrum and the plaintiff. The defendant does not state whether it was his intention or his agreement to sell the place and divide it equally among the children. There is some testimony to the effect that it was defend-

ant's contention and theory that the children besides Byrum and defendant were sufficiently provided for and that it was not the intention of the defendant to make any division. The facts and circumstances have rendered this issue moot.

On December 1, 1942, a deed was executed and delivered in the office of an attorney-at-law at Atoka, Okla. Byrum, the defendant, and plaintiff were present. Subsequent to the execution of the deed defendant moved on the place some time in January of 1943. He took his wife and children. It is not stated how many children defendant and his wife had nor their ages. Trouble commenced with the arrival of the defendant. It ended in a fight between the brothers and Byrum went to the hospital as a result of a cutting scrape. Defendant states he remained on the place approximately 60 days. At any rate he moved from the place in April, 1943, and has not since returned or attempted to return although it is his statement that he is willing to carry out the terms of the agreement. There is some testimony by plaintiff that there was some disagreement about the room that plaintiff occupied and about it being unsatisfactory to the plaintiff. But there is further testimony that this is the room that plaintiff had always occupied. The parties seem also to have disagreed about the handling of personal property, including the cattle and hogs butchered for meat.

At the conclusion of the trial the court rendered judgment for plaintiff finding: (1) that plaintiff was easily influenced; (2) that the consideration for the execution of the deed had wholly failed.

Defendant has presented two general propositions. It is first argued that the evidence is insufficient to sustain the finding of undue influence. With this statement we are inclined to agree. There is no evidence that the plaintiff was overreached or that if the agreement had been carried out by the defendant according to the views of the plaintiff and the express intent of the defendant, there would not have been complete agreement between the parties. Although the trial court made this finding as to undue influence, it based its decision upon the finding that the consideration for the deed had wholly failed.

The second proposition of the defendant is that the evidence is insufficient to support the finding and judgment of the court. He cites in support thereof Badgett v. Weldy, 193 Okla. 53, 141 P. 2d 88, and Bush v. Bush, 142 Okla. 152, 286 P. 322. These cases are readily distinguishable from the rule to be applied in that the grantor of the conveyances executed for and in consideration of support or maintenance died subsequent to the execution thereof and prior to the action commenced to cancel the deed. In Jones v. Reid, 184 Ga. 764, 193 S.E. 235, it is stated that any right to rescind the contract made with, or cancel the deed made to, an heir in consideration of an agreement to support and maintain the grantor during his life, upon the failure of the heir to do so, would not inure to the benefit of another surviving heir.

In Spangler v. Yarborough, 23 Okla. 806, 101 P. 1107, the grantor conveyed his property in consideration for support for life and this court held that in case of failure or refusal to perform, relief of cancellation and rescission may be granted notwithstanding the solvency of the grantee, since fraud may be presumed. This case is cited with approval in Brinkley v. Patton, 194 Okla. 244, 149 P. 2d 261.

In Lewis v. Wilcox, 131 Iowa, 268, 108 N.W. 536, it is stated that where a person has parted with his property in consideration of an agreement for support for life, and discord thereafter arises between the parties, the courts are disposed to restore the property if it can be done without manifest injustice to the grantee.

In Johnson v. Paulson, 103 Minn. 158, 114 N.W. 739, it is stated that where parents impose confidence in their children, and have conveyed their property

to them, relying upon their natural affection to care for and maintain them during the rest of their lives, the courts have attempted to give full effect to the conditions imposed in the grant, and have held the grantees strictly to account. Proper compensation for the breach of such a duty cannot be conferred in money or property, and restoration of the property conveyed may be the only adequate remedy. To the same effect, see Caldwell v. Mullen, 101 Colo. 113, 71 P. 2d 415; Carroll v. Combs, 91 Colo. 73, 11 P. 2d 808, and Barth v. Titus, 108 Colo. 333, 117 P. 2d 480. See complete annotation following Lucas v. Lucas, 171 Ga. 806, 156 S.E. 680, 76 A.L.R., at page 742, and Caramini v. Tegulias, 121 Conn. 548, 186 Atl. 482, 112 A.L.R., at page 668. In Oard v. Oard, 59 Ill. 46, a contract of this character was rescinded by a court of equity upon the ground that the omission of the son to carry out the terms of the agreement was so flagrant that the court assumed the conveyance had been procured with fraudulent intent. A court of equity will set aside such a deed upon the ground of failure of consideration. Johnson v. Paulson, supra; Patterson v. Patterson, 81 Iowa, 626, 47 N.W. 768; Lowman v. Crawford, 99 Va. 688, 40 S.E. 17.

If the language of the deed controls there being an expression of agreement of the right of re-entry, then, upon default, the grantor has a right in ejectment at law. Jones v. Reid, supra. To the same effect see Huffman v. Rickets, 60 Ind. App. 526, 111 N.E. 322; Cree v. Sherfy, 138 Ind. 354, 37 N.E. 787. However, if the deed is unconditional and grants an apparent fee or is an absolute conveyance in consideration of the promise for support and maintenance and there is a failure of consideration, equity has treated the same as one upon condition subsequent. Kroening v. Kroening, 223 Wis. 113, 269 N.W. 536; Glocke v. Glocke, 113 Wis. 303, 89 N.W. 118, 57 L.R.A. 458; Gilchrist v. Foxen, 95 Wis. 428, 70 N.W. 585; Wanner v. Wanner, 115 Wis. 196, 91 N.W. 671; Young v. Young, 157 Wis. 424, 147 N.W. 631; Knutson v. Anderson, 216 Wis. 69, 255 N.W. 907.

We are of the opinion, and hold, that the better view is that equity has the right to cancel the deed upon the failure to perform because of the failure of consideration as expressed in Johnson v. Paulson, supra, and Lewis v. Wilcox, supra. In Barth v. Titus, supra, the action was by a mother to rescind a contract for support and to compel reconveyance of the real property. The court, operating as a court of equity, canceled the deed on the ground that the conditions where the plaintiff would be forced to live had become such that it justified her leaving her former home in that the daughter had wholly failed to carry out the terms of the agreement. Under the facts and circumstances of the case at bar we adopt the same rule here. The conditions are such that the parties cannot live together on the same place. The plaintiff is situated there with his son Byrum, with whom he can live in peace. The defendant has moved away and shows no inclination to return. His expenditures have been from the place itself except for a few dollars which the court has ordered repaid and of which no complaint is made by the plaintiff. We feel that under the above cases an equitable and just judgment has been reached. We have often held that in a case of equitable cognizance, this court will weigh the evidence but will not reverse the findings of the trial court and the judgment based thereon unless it is clearly against the weight of the evidence.

The evidence in the case at bar amply sustains the findings of the trial court.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.