**Christina FERRERO, Plaintiff in Error,**

**v.**

**Chestney M. SIEL, W. M. Haag, and The First National Bank in Coalgate, Oklahoma, Defendants in Error.**

**No. 40391.**

Supreme Court of Oklahoma.

Nov. 24, 1964.

502

James L. Clark, Coalgate, Clarence P. Green and Keith McMillin, Oklahoma City, for plaintiff in error.

Paul & Montgomery, Durant, for defendants in error.

IRWIN, Justice.

Plaintiff in error, Christina Ferrero, hereinafter referred to as plaintiff, commenced proceedings against Chestney M. Siel, W. M. Haag and The First National Bank of Coalgate, Oklahoma, to cancel certain deeds executed by plaintiff to defendant Siel and to cancel an assignment of bank stock in The First National Bank of Coalgate, which was assigned by plaintiff to defendant Siel. The First National Bank is merely a stakeholder of the bank stock and its rights are not material to the issues involved.

The trial court found that title to the real estate and bank stock should be quieted in the name of defendant Siel, and that plaintiff should be forever enjoined from claiming or asserting any right, title or interest in said real estate and stock. Plaintiff perfected this appeal from the order overruling her motion for a new trial.

The record discloses that plaintiff was approximately 74 years old in 1956, when she assigned the bank stock to defendant Siel and conveyed by warranty deed to defendant Siel some vacant lots, a resi-

-dential property and a mineral interest. It appears from the evidence that the bank stock had a book value of approximately $13,000.00; the vacant lots had a value of approximately $1,200.00; the residential property had a value of approximately $3,500.00; and no value as to the mineral interest is in evidence.

Defendant Haag is plaintiff's brother, and plaintiff sought cancellation of the deeds and assignment of the stock on the grounds that Haag and Siel represented to her that if she would transfer the property and assign the bank stock that she would qualify for a pension with the Welfare Department; that the real property and bank stock would be held in trust for her and would be conveyed or assigned back to her at any time she desired; that she relied on the promises and representations; that she demanded that defendant Siel convey the property and assign the bank stock back to her and she refuses to do so; that the promises and representations of Haag and Siel were false and that by reason of the breach of trust and fraud of defendants Haag and Siel, she is entitled to have cancelled the deeds to the real estate and the assignment of the bank stock.

In defendant Siel's answer, she alleged that the real property and bank stock were transferred and assigned to her by plaintiff; that she had cared for plaintiff and plaintiff advised her that she desired to have someone to care for her the rest of her life and that she wanted to give her the property as she was a good friend and she knew she would care for her the balance of her days. She further alleged that she began repairing the residential property, which was plaintiff's home, and making it suitable for plaintiff to live in; that it is her intention to complete the repairs and when it is completed, plaintiff can live there the rest of her life without any charge or rent and that she will pay the taxes thereon. Defendant Siel further alleged "that she is willing and able to carry out the agreement that she had

with the plaintiff herein, and will do so if given the opportunity".

The record discloses that plaintiff moved in with Siel and Siel did take care of plaintiff and that the Welfare Department was contacted but plaintiff was unable to qualify for a pension; that plaintiff was very fond of Siel, and relied on her judgment and had confidence in her. It also discloses that Siel cared for and had taken a greater interest in the welfare of plaintiff than had plaintiff's brother or sister and that plaintiff seemed to be satisfied. with the arrangements until difficulties arose between plaintiff and Siel. However, prior to the time this action was filed, difficulties had arisen between plaintiff and Siel, and plaintiff moved out of Siel's home and moved in with her sister.

The evidence discloses that plaintiff had discussed the transfer of the real property and assignment of the bank stock on several occasions with an attorney; and that the residential property at the time of the conveyance was in such a run-down condition that it was hardly suitable for living purposes.

The evidence is in conflict as to what representations were made to plaintiff when the conveyance of the real property and assignment of the bank stock were made; the extent of the repairs to the residential property made by Siel so that plaintiff could have a suitable place to live; and the general living conditions and support that Siel provided for plaintiff.

Plaintiff contends that where the consideration for a transfer of property is the transferee's promise to support the transferor for life, and the transferee fails substantially to perform the promise, there is a failure of consideration, and the property so transferred should be restored to the transferor; and where there is a gross inadequacy or a total want of consideration, slight evidence of fraud or undue influence will justify cancellation of a deed.

Plaintiff apparently admits that she transferred the real property and assigned the

bank · stock to Siel in consideration of Siel's promise to support and care for plaintiff the remainder of her life. Siel alleges in her answer and admits in her· testimony that this was the agreement and that she is willing to continue to perform her promises and obligations to plaintiff.

■ Plaintiff relies on the general rule that where a conveyance of property is made in consideration of an agreement to support, maintain, and care for the grantor during grantor's lifetime, and the grantee repudiates, or substantially fails to perform his agreement, a cancellation of the conveyance, and a rescission may properly be decreed. See 112 A.L.R. 676; and 9 Am.Jur., Cancellation of Instruments, Sec. 31, page 376. Plaintiff also cites Moffatt v. Moffatt, 195 Okl. 498, 159 P.2d 531, wherein we held:

"Where a person has parted with his property in consideration for support for life and discord thereafter arises between the parties so that it becomes impossible to perform the conditions and agreements made in consideration of the execution of the deed, courts are disposed to restore to the grantor the property if it can be done without manifest injustice to the grantee."

Plaintiff also cites Morton v. Roberts, 88 Okl. 263, 213 P. 297, where we held:

"Ordinarily mere inadequacy of consideration is not sufficient ground in itself to justify a court in cancelling a deed, yet when the inadequacy is so gross as to amount to fraud, or, in the absence of other circumstances, to shock the conscience and furnish satisfactory and decisive evidence of fraud, it will be sufficient ground for cancelling a conveyance."

And the case of Noblin v. Wilson, 187 Okl. 173, 101 P.2d 805, where we held that where there is a gross inadequacy or a total want of consideration, slight evidence of fraud or undue influence will justify the cancellation of a deed.

■ In considering the rules of law that plaintiff contends are controlling and applicable in the instant case, we should be mindful that this is an action of equitable cognizance and this Court will weigh the evidence, and if the judgment of the trial court is not clearly against the weight thereof, the judgment will be affirmed.

■ Although some of plaintiff's evidence tends to establish facts contrary to the following statements, there inheres in the trial court's judgment a finding supporting the following statements and we have examined the entire record and find the following are not against the clear weight of the evidence. (1) Plaintiff conveyed the real property and assigned the bank stock to Siel in consideration of Siel's promise to take care of and support plaintiff for the remainder of her life; (2) that such promise was an adequate consideration for the conveyances and assignment and not so grossly inadequate as to shock the conscience; and there was no fraud or undue influence; (3) and that Siel has substantially complied with the agreement and her obligations and that the discord between plaintiff and Siel is not such that would make it impossible to carry out the agreement; or if discord does exist, it would be a manifest injustice on Siel to cancel the conveyances and the assignment.

■ In Tate v. Murphy, 202 Okl. 671, 217 P.2d 177, 18 A.L.R.2d 892, we held:

"An agreement to care for and support a grantor for the remainder of his life, in consideration of a conveyance of land, is an adequate consideration, in the absence of fraud and undue influence, and where not so grossly inadequate as to shock the conscience. Adequacy and sufficiency of consideration should be judged by circumstances and conditions existing at the time the contract is made, and not by subsequent and unforeseen events, for which neither party to the contract is responsible.

"Substantial compliance with the terms of a contract for support and maintenance, entered into as a consideration for a conveyance, is all that is required of a grantee; and where subsequent events arise which render exact compliance impossible or inadvisable for the best interest of the grantor, the failure of the grantee to comply strictly does not constitute such a breach of contract or failure of consideration as will justify cancellation of the conveyance."

And in the body of the opinion we said:

"The general rule upon this subject is announced in 26 C.J.S., Deeds, § 21, page 197, as follows: 'In order to justify cancellation of a deed there must be an entire failure or refusal to perform the agreement, or at least a substantial failure to perform the contract, and such entire or substantial failure or refusal must be in respect of such material matters as would render the performance of the rest a thing different from what was contracted.' "

■ We can only conclude that plaintiff is not entitled to a cancellation of the conveyances of the real property and assignment of the bank stock and having title thereto quieted in her. We therefore affirm that portion of the judgment which has the effect of denying her the relief sought.

However, the judgment of the trial court quieted title to the real estate and bank stock in favor of defendant Siel and forever enjoined plaintiff from claiming or asserting any right, title or interest in the real property or the bank stock. In other words, the judgment of the trial court enjoins plaintiff from claiming or asserting any right, title or interest in the real property and bank stock and quiets title in Siel, and makes no provision for the protection of plaintiff's contractual rights flowing from Siel.

■ In Harvey v. Pribil, Okl., 259 P.2d 523, we held that equity, having once attached, in a proper proceeding, will administer complete relief on all questions properly raised by the evidence, regardless of whether or not such question or issues are specifically raised by the pleadings, as equity will not permit a mere form to conceal the real position and substantial rights of the parties.

■ The record is insufficient for this Court to determine how plaintiff's rights should be protected in the future. Therefore, that portion of the judgment quieting title to the real property and bank stock and forever enjoining plaintiff from claiming or asserting any right, title or interest therein, should, in some manner, be restricted by an order of the trial court which will protect the substantial rights of plaintiff. The judgment is affirmed, as modified, and the cause is remanded with directions to proceed further with this cause, as circumstances might dictate.

Affirmed as modified and remanded with directions.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.